First Department, December, 1965

(December 2, 1965)

In the Matter of Robert L. Bradford, Petitioner, v. Nathaniel T. Helman, Individually and as a Justice of the Supreme Court of the State of New York, County of New York, et al., Respondents.— Motion to dismiss petition granted and the proceeding is dismissed, with $30 costs and disbursements to respondents. Petitioner seeks to annul the final judgment dated October 4, 1963 in a proceeding under the Martin Act (General Business Law, art. 23-A) in the Supreme Court of the State of New York, County of New York, bearing Index No. 40870-1960, entitled "The People of the State of New York, plaintiffs, against Robert L. Bradford and Bradford Audio Corporation, defendants". Petitioner alleges the said judgment is consequent on the violation of the due process clause of the 14th Amendment to the Constitution of the United States. Petitioner is a party to the Martin Act proceeding in which on numerous occasions he unsuccessfully attacked the said final judgment on the grounds here relied on. This proceeding does not lie to review the final order made in the Martin Act proceeding. In essence, petitioner seeks a writ of prohibition to annul the said final judgment on the ground of lack of jurisdiction to appoint a receiver in the circumstances without notice to the petitioner herein and without proof that the property was obtained by fraudulent practices. The writ is available only to forestall and not to review action. "The writ of prohibition is not favored by the courts. Necessity alone justifies it. Although authorized by statute, it is not issued as a matter of right, but only in the exercise of sound judicial discretion when there is no other remedy. While it issues out of a superior court and runs to an inferior court or judge, its object is not the correction of errors nor relief from action already taken. In no sense is it a substitution for an appeal, as its sole province is to prevent the inferior tribunal from usurping a jurisdiction which it does not possess * * *. The sole question to be tried is the power of the inferior

court or magistrate to do the particular act in question." (*People ex rel. Livingston* v. *Wyatt,* 186 N. Y. 383, 393-394.) Concur — Breitel, J. P., Valente, McNally, Eager and Staley, JJ.