■ SAM HETTRICK, Respondent, v MARTIN LANG et al., Appellants. (Action No. 1.) JAMES E. FLAHERTY, Respondent, v

MARTIN LANG et al., Appellants (Action No. 2.)—In two actions to, *inter alia,* permanently enjoin the defendants, as members of the Town Board of the Town of Southampton, from leasing dock spaces to 19 specified vessel owners and to reopen the selection process by means of a lottery, the defendants appeal from an order of the Supreme Court, Suffolk County (Gowan, J.), dated October 17, 1984, which treated the plaintiffs' motions for preliminary injunctions as motions for summary judgment and thereupon granted summary judgment to the plaintiffs.

Order reversed, on the law, without costs or disbursements, motions denied, and, upon searching the record, summary judgment is granted to the defendants dismissing the plaintiffs' actions.

The plaintiffs are 2 of 44 fishing vessel owners who were prospective sublessees of 19 dock spaces at the Commercial Parking Facility, located at Shinnecock Inlet in the Town of Southampton. The facility is managed and operated by the Town Board of the Town of Southampton pursuant to a lease from the County of Suffolk. Ultimately, the defendants chose 19 vessel owners as sublessees, but the plaintiffs were not among these chosen. Thereafter, the plaintiffs commenced these actions against the members of the Town Board of the Town of Southampton alleging, *inter alia,* that (1) all the selected vessel owners were residents of the Town of Southampton and residents of other towns in Suffolk County were not given an opportunity to obtain a lease for docking space, and (2) the defendants chose the 19 lessees "without regard to lottery or any other impartial or rational means of choice".

Special Term conceded that the plaintiffs were not denied due process or equal protection but nevertheless held that they had been denied "basic fairness". Accordingly, it directed the defendants, *inter alia,* to reopen the selection process.

We disagree with the holding of Special Term.

In an effort to deal with a problem of overcrowding at existing private facilities, the County of Suffolk leased the subject docking facility to the Town of Southampton. Pursuant to the terms of the lease between the county as lessor, and the town as lessee, the premises were to be used "as a docking facility for fishing trawlers". In addition, the lease simply required that docking space "was to be available to all Suffolk County residents without discrimination as to town of residence".

After an extensive survey of the vessels which were docked

at the existing private facilities at Shinnecock Inlet, a list of 44 vessels were compiled. Contrary to the plaintiffs' argument, this list contained the names of vessel owners who were not residents of the Town of Southampton. With regard to the final selection of 19 vessels, it is true that all of the 19 vessel owners chosen were from the Town of Southampton. However, the plaintiffs have no standing to raise the issue of discrimination, since they themselves are residents of the Town of Southampton. Moreover, the plaintiffs failed to offer any evidence that those vessel owners who did not live in the Town of Southampton were discriminated against in the final selection process. Indeed, the record establishes that the final choice of 19 vessels from the total of 44 was based on several factors including, *inter alia,* (1) vessel size, since the various slips for dock space at the facility had different "drafts, widths, and dolphin locations", and (2) the degree of support given by various vessel owners to the facility from its initial stages to its actual construction. In view of the fact that the plaintiffs failed to demonstrate that the defendants were in violation of any constitutional requirement or any statute, local law, or ordinance regarding the selection process, the decision of the defendants in granting the subject public benefit should not be disturbed.

Accordingly, Special Term should have granted summary judgment to the defendants dismissing the actions (CPLR 3212 [b]).

We have reviewed the defendants' remaining argument and find it to be without merit *(see, O'Hara v Del Bello,* 47 NY2d 363; *Mathys v Town of E. Hampton,* 114 AD2d 842). Mollen, P. J., Lazer, Mangano and Thompson, JJ., concur.