■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM BARNES HUNT, by his Attorney, STEPHEN P. SCARING, Appel-

lant, v WARDEN OF RIKERS ISLAND CORRECTIONAL FACILITY, Respondent.—Judgment of the Supreme Court, New York County (Carol Berkman, J.), entered November 27, 1989, denying relator's writ of habeas corpus which sought bail pending trial, unanimously affirmed, without costs, bail pursuant to this court's interim order revoked, and relator directed to surrender.

The relator in this case stands accused under three separate indictments charging 100 counts of sexual abuse and exploitation of young children. He has been judicially declared to be incompetent to manage his own affairs but has been found to be presently fit to stand trial. Following the return of the third indictment against him, Supreme Court (Thomas B. Galligan, J.) revoked bail and remanded relator to Rikers Island pending trial. A habeas corpus petition was then brought, asserting that the denial of bail constitutes an abuse of discretion by the Trial Justice.

As Supreme Court noted, the scope of collateral review by a court hearing a habeas corpus petition upon the denial of a bail application is quite narrow, being limited to a consideration of whether the denial constitutes an abuse of the court's statutory discretion pursuant to CPL 510.30 or a violation of a constitutional standard prohibiting excessive bail or its arbitrary refusal *(People ex rel. Klein v Krueger,* 25 NY2d 497, 499). It is not the function of the habeas court to undertake a de novo review of the determination made by the nisi prius court *(People ex rel. Rosenthal v Wolfson,* 48 NY2d 230, 232).

Supreme Court properly limited its review in accordance with these principles and correctly determined that there was no abuse of discretion. The record reflects that relator kept what are described as voluminous records, recovered from his private office, of his activities with his young victims. Taking into consideration the nature and extent of the charges against him, the proof bearing upon the likelihood of his conviction, the sentence which might be imposed and his mental condition, which factors were specifically cited by the Trial Justice, together with defendant's general reputation and character and lack of stable employment, within the limited scope of a review by this court, we are unable to conclude that there was any abuse of discretion in the denial of bail *(People ex rel. Klein v Krueger, supra,* at 501). Concur—Kupferman, J. P., Carro, Asch, Smith and Rubin, JJ.