■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES J. SIEGEL, on Behalf of CALVIN HUDSON, Respondent, v ALLYN SIELAFF, as Commissioner of the New York City Department of Correction, Respondent. ROBERT M. MORGENTHAU, in the Name of THE PEOPLE OF THE STATE OF NEW YORK, Appellant.— Judgment of the Supreme Court, New York County (John A.K. Bradley, J.), entered August 27, 1991 which, *inter alia,* granted relator's petition seeking a writ of habeas corpus to the extent of setting bail in the amount of $50,000, cash or bond, unanimously reversed, on the law, without costs.

Relator, under indictment for criminal possession of a controlled substance in the first degree and other felony offenses, was denied bail and remanded for trial at his arraignment on August 6, 1991 (Leslie Crocker Snyder, J.). Upon the return of the instant habeas corpus petition, bail was set at $50,000 following brief oral argument and without a review of the minutes of the previous bail application upon arraignment. No reason for the court's decision was stated.

As we have observed, the scope of review upon a habeas corpus petition following denial of bail "is quite narrow, being limited to a consideration of whether the denial constitutes an abuse of the court's statutory discretion pursuant to CPL 510.30 or a violation of a constitutional standard prohibiting excessive bail or its arbitrary refusal" *(People ex rel. Hunt v Warden,* 161 AD2d 475, 476, *lv denied* 76 NY2d 703). The petition herein recites that relator was remanded without bail "without just cause or reason" and asserts that the disposition was "arbitrary and excessive."

A court may not undertake a *de novo* determination of bail in collateral proceedings *(People ex rel. Klein v Krueger,* 25 NY2d 497, 501). Without undertaking a review of the record, Supreme Court had no basis upon which to determine that remand was an abuse of discretion *(People ex rel. Rosenthal v Wolfson,* 48 NY2d 230). Significantly, the pleadings disclose that relator was arrested in his apartment, from which the police recovered 8 ounces of heroin (83 percent pure), numerous glassine envelopes and other paraphernalia for "cutting" (diluting) and packaging the heroin. In addition, there is mention of a prior conviction for possession of a weapon, sizable transactions in cash, and residence at an address other than the one given in connection with his application for bail.

We note that the minutes of the arraignment proceedings before Judge Snyder are not included in the record submitted on appeal. However, from the record of the hearing of the habeas corpus petition, it appears that the evidence against relator is strong, and he faces a sentence of from 15 years to life imprisonment. Therefore, even in view of his appearance to answer a previous drug-possession charge, which ultimately resulted in acquittal, there is no basis upon which to conclude that remand was an abuse of discretion, devoid of a rational basis (CPL 510.30; *People ex rel. Parker v Hasenauer,* 62 NY2d 777). Concur—Sullivan, J. P., Rosenberger, Ellerin, Asch and Rubin, JJ.