◼ In the Matter of JAMES E. FLAHERTY et al., Appellants, v GEORGE STAVROPOULOS et al., Respondents. (Proceeding No. 1.) In the Matter of JAMES E. FLAHERTY, Appellant, v GEORGE STAVROPOULOS et al., Respondents. (Proceeding No. 2.) [604 NYS2d 600] —In proceedings pursuant to CPLR article 78, *inter alia,* to review a determination of the Town Board of the Town of Southampton dated September 12, 1989, which, after a hearing, denied the petitioners' application for the renewal

of a dock slip permit, the petitioners (1) seek review of so much of that determination as denied a dock permit for the fishing vessel F/V Shannon Kathleen, (2) appeal, as limited by their notice of appeal and briefs, from (a) so much of a judgment of the Supreme Court, Suffolk County (Leis, J.), entered July 23, 1990, as dismissed the remainder of Proceeding No. 1, after severing and transferring to this Court that branch of the petition which sought review of the denial of the dock permit for the fishing vessel F/V Shannon Kathleen to this Court for disposition, and (b) so much of a judgment of the same court, entered September 12, 1990, as dismissed Proceeding No. 2 as barred by the doctrine of res judicata, denied the petitioner's motion to amend the petition, denied the petitioner's motion to consolidate the proceedings, and directed that the petitioner seek the court's permission prior to further motion practice.

Adjudged that the determination is confirmed insofar as reviewed, and Proceeding No. 1 is dismissed on the merits; and it is further,

Ordered that the judgments are affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The record supports the Town Board's determination that the F/V Shannon Kathleen never left the Shinnecock Inlet Fishing Pier (hereinafter the Pier) and was not used for commercial fishing purposes during the period required for the issuance or renewal of a dock permit, and that the petitioner James E. Flaherty was not himself actively engaged in commercial fishing on that vessel or any other vessel during that period. Furthermore, since the record discloses that the F/V Shannon Kathleen left the Pier on or about December 4, 1987, and did not return, the Town Board could reasonably infer that he abandoned use of the slip from that time through August 22, 1989, when a hearing was held on the application. Thus, there was substantial evidence to support the Town Board's decision not to renew the dock permit.

With regard to the other vessel, the F/V Stacy Lyn, the petitioners' contention that the Supreme Court erred by dismissing the claim that the Town Board acted in excess of its authority in reducing the number of slips of the size of the F/V Stacy Lyn from four slips to two slips, is without merit. The lease from the County of Suffolk, under which the respondent Town operates the Pier provides merely that the facility shall

"be available to all Suffolk County residents without discrimination as to town of residence". In *Hettrick v Lang* (121 AD2d 364, 365-366), this Court held that in the absence of a showing that the Town acted "in violation of any constitutional requirement or any statute, local law or ordinance regarding the selection process," the Town's procedure in classifying the slips according to size and the decision in granting dock permits should not be disturbed. Using the same reasoning, the decision to reduce the number of slips of the size of the F/V Stacy Lyn should not be disturbed. Thus, the Supreme Court properly dismissed that portion of the petition. Moreover, the Supreme Court correctly held that, under the circumstances, a proceeding pursuant to CPLR article 78 in the nature of prohibition does not lie to review an action which has already been taken *(see, Matter of Bradford v Helman*, 24 AD2d 937).

In Proceeding No. 2, commenced in November 1989, the petitioner demanded vacatur of all rules and regulations governing the administration of the Pier promulgated by the Town subsequent to the filing of a stipulation of discontinuance of a lawsuit between the Town and Suffolk County, alleging that the action of the Board in changing the number of slips available for ships of the size of the F/V Stacy Lyn was ultra vires. We agree with the Supreme Court's determination that, the allegations contained in the second petition "have either been specifically raised in the prior proceeding * * * or could have been raised in that proceeding either at its inception or subsequently during the pendency of the many motions which followed the initial determination of this [c]ourt". Thus, the court properly dismissed Proceeding No. 2 on the ground that "it is barred by res judicata".

We have considered the petitioner's remaining contentions and find them to be without merit. Sullivan, J. P., O'Brien, Ritter and Joy, JJ., concur.