■ In the Matter of JAMES B. VARGASON, as District Attorney of Cayuga County, Petitioner, v JOHN BRUNETTI, as Acting Justice of the Supreme Court, et al., Respondents. [661 NYS2d 345] —Petition unanimously dismissed without costs. Memorandum: Petitioner, the District Attorney of Cayuga County, commenced this CPLR article 78 proceeding in the nature of prohibition, seeking to vacate a judgment of Supreme Court. In that judgment, the court granted a petition for a writ of habeas corpus, vacating bail on a charge of contempt in violation of Judiciary Law § 750 and reducing bail on two criminal charges. We conclude that prohibition is not an appropriate remedy in this situation and that the petition should be dismissed.

Prohibition is an extraordinary remedy available only when an officer or public body performing judicial or quasi-judicial functions is acting without or in excess of jurisdiction (*Matter of Rush v Mordue*, 68 NY2d 348, 352). "[T]he excess must be one which goes to 'the very authority or power and, thus, jurisdiction of the officer, not to a mere mistake or "an error in procedure or substantive law" ' " (*Matter of Morgenthau v Altman*, 58 NY2d 1057, 1058, quoting *Matter of Dondi v Jones*, 40 NY2d 8, 15, *rearg denied* 39 NY2d 1058). A defendant who contends that a criminal court has unlawfully set bail or that the amount of bail is excessive may seek a writ of habeas corpus (*see*, CPLR 7010 [b]; *People ex rel. Klein v Krueger*, 25 NY2d 497). In determining the petition, the court may consider "whether the court [that set bail] abused its discretion pursuant to CPL 510.30 or violated a constitutional standard prohibiting excessive bail or its arbitrary refusal" (*People ex rel. Robinson v Campbell*, 184 AD2d 988; *see also, People ex rel. Rosenthal v Wolfson*, 48 NY2d 230, 232; *People ex rel. Hunt v Warden*, 161 AD2d 475, 476, *lv denied* 76 NY2d 703). Thus, the court did not act in excess of its jurisdiction in determining the issues raised in the petition for a writ of habeas corpus.

Moreover, prohibition is not available where, as here, petitioner seeks review of a determination already made, not the restraint of a continuing exercise of authority (*see, Matter of Bradford v Helman*, 24 AD2d 937, *appeal dismissed* 385 US 15) and a direct appeal from the judgment granting the writ of habeas corpus is available (*see*, CPLR 7011; *see also, Matter of Roberts v County Ct.*, 39 AD2d 246, 248, *affd* 34 NY2d 246, 248-249; *cf., Matter of Tyler v Forma*, 231 AD2d 891). (Original Proceeding Pursuant to CPLR art 78.) Present—Denman, P. J., Green, Doerr, Balio and Boehm, JJ.