■ In the Matter of HENRY OO., Appellant, v ROBERT G. MAIN, as County Judge of Franklin County, Respondent. [763 NYS2d 154] —Mugglin, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondent from enforcing an order of the County Court of Franklin County.

Having been found not criminally responsible by reason of mental disease or defect, petitioner has been confined for over 20 years in both secure and unsecure psychiatric facilities. Since 1996, he has been confined for care and treatment at Sunmount Developmental Center, a secure facility operated by the Office of Mental Retardation and Developmental Disabilities (hereinafter OMRDD). In March 2002, acting pursuant to CPL 330.20 (10), the Commissioner of Mental Retardation and Developmental Disabilities (hereinafter Commissioner) applied for a furlough order in accordance with a plan developed by OMRDD for petitioner. On April 26, 2002, OMRDD advised Franklin County Court that it desired to withdraw the application for a furlough order. The court concluded that petitioner had no standing to oppose withdrawal of the application and deemed it withdrawn. Thereafter, in June 2002, petitioner filed an application in County Court for a furlough order pursuant to the furlough plan developed by OMRDD. OMRDD's motion to dismiss, made before joinder of issue, was granted by the court. In this proceeding, instituted in February 2003, petitioner seeks an order of prohibition restraining County Court from refusing to entertain his furlough application or, alternatively, a writ prohibiting the court from allowing OMRDD to withdraw its furlough application.

As a general rule, "the extraordinary remedy of prohibition lies only where there is a clear legal right, and only when a court (if a court is involved) acts or threatens to act either

without jurisdiction or in excess of its authorized powers in a proceeding over which it has jurisdiction" (*Matter of Rush v Mordue*, 68 NY2d 348, 352 [1986]; *see Matter of Dondi v Jones*, 40 NY2d 8, 13 [1976]; *Matter of State of New York v King*, 36 NY2d 59, 62 [1975]; *Matter of Cortland Glass Co. v Angello*, 300 AD2d 891, 892 [2002]). Petitioner's arguments do not challenge County Court's jurisdiction. As the superior court in the county where the secure facility is located, the court has jurisdiction pursuant to the statute. Petitioner's claims that the court acted in excess of its authorized powers are unpersuasive. Petitioner is seeking review of judicial determinations already made, not the restraint of the continuing exercise by the court of matters in excess of its authorized powers. A writ of prohibition will not lie for such purposes (*see Matter of Vargason v Brunetti*, 241 AD2d 941, 941 [1997]; *Flaherty v Stavropoulos*, 199 AD2d 318, 320 [1993]; *Matter of Bradford v Helman*, 24 AD2d 937, 937 [1965], *appeal dismissed* 17 NY2d 812 [1966], *appeal dismissed* 385 US 15 [1966]).\*

Here, petitioner has no clear legal right to such relief because CPL 330.20 (10) authorizes only the Commissioner to apply for a furlough order. Also, petitioner has referred County Court to no authority which would authorize granting a furlough application pursuant to a writ of habeas corpus which, in any event, petitioner has not applied for, and we decline petitioner's invitation to convert this proceeding to an application for such writ (*see* CPLR 103 [b]) since, upon conversion, we would, of necessity, have to remit for a hearing. Permitting withdrawal of OMRDD's furlough application is within the broad powers granted to County Court pursuant to Judiciary Law § 2-b (3) (*see People v Ricardo B.*, 73 NY2d 228, 232 [1989]; *People v Brown*, 232 AD2d 750, 752 [1996], *lv denied* 89 NY2d 940 [1997]). Finally, petitioner could have instituted a CPLR article 78 proceeding to review the reasons why OMRDD withdrew the furlough application.

Cardona, P.J., Carpinello and Kane, JJ., concur. Adjudged that the petition is dismissed, without costs.

---

\* Compare *Matter of Mollen v Mathews* (269 AD2d 42 [2000]), a rare instance where a writ of prohibition was appropriate to review a final judicial determination because it interfered with the clear legal right of a District Attorney to prosecute a defendant who, by unanimous psychiatric testimony, was determined not to be incapitated and where the District Attorney had no other adequate remedy at law available to review the order.