[888 NYS2d 392]

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MEIS, on Behalf of SHAUN McMANUS, Petitioner, v MARTIN F. HORN, Commissioner of the New York City Department of Corrections, et al., Respondents.

Supreme Court, Bronx County, October 23, 2009

**APPEARANCES OF COUNSEL**

*The Bronx Defenders*, Bronx (*V. Marika Meis* of counsel), for petitioner. *Robert T. Johnson, District Attorney*, Bronx (*Brian A. Reese* of counsel), for relator.

## OPINION OF THE COURT

MARTIN MARCUS, J.

In this matter, the petitioner is incarcerated on several charges for which cash only bail has been set. He seeks a writ of habeas corpus, asserting that he is being illegally detained because he has been denied his statutory right to two forms of bail.[1] Having received papers from the petitioner and the People, and having heard both in oral argument, for the reasons set forth below, I deny the petitioner the relief he seeks and dismiss his petition.

In January 2009, after the petitioner was charged in a felony complaint with arson in the third degree, bail was set at $5,000, cash or bond. After the petitioner was released on bail, the grand jury of Bronx County returned indictment No. 891/09. His bail status then remained unchanged. On March 4, 2009, the petitioner was arrested and charged with the commission of several misdemeanors in docket Nos. 2009BX014324 and 2009BX014400. At his arraignment on these charges, bail was set at $1,500, cash or bond, on each docket. Subsequently, the Division of Parole issued a hold on the petitioner, who had been released to its supervision under a prior conviction for criminal possession of stolen property in the third degree.

On March 24, 2009, the People requested the Honorable Steven L. Barrett, before whom the petitioner's charges were pending, to increase the petitioner's bail to $50,000. The petitioner opposed the application. After hearing argument, Justice Barrett set bail at $20,000 cash on indictment No. 891/09, and $1,500 cash on each misdemeanor, and exonerated the petitioner's previously posted bail.

On July 17, 2009, the Division of Parole issued an order revoking and restoring the petitioner to parole supervision. On September 10, 2009, the petitioner's counsel argued before Justice Barrett that CPL 520.10 (2) (b) required the court to set two forms of bail, and contended that Justice Barrett had unlaw-

---

1. The provisions of CPLR article 70 "are applicable to common law or statutory writs of habeas corpus," which are "special proceeding[s]," designed "to inquire into detention." (CPLR 7001; *see also* CPLR art 4 [concerning special proceedings].) Anyone who is

> "illegally imprisoned . . . may petition . . . for a writ of habeas corpus to inquire into the cause of such detention and for deliverance. A judge authorized to issue writs of habeas corpus having evidence . . . that any person is so detained shall . . . issue a writ of habeas corpus . . . ." (CPLR 7002 [a].)

fully set only cash bail. In an order and decision dated October 16, 2009, Justice Barrett rejected the petitioner's argument and denied his demand for an alternative form of bail. The petitioner then filed the present petition, which has been referred to me.

A petition for habeas corpus may be made to the Supreme Court in the judicial district in which the person is detained (CPLR 7002 [b] [1]), or to any justice of the Supreme Court (CPLR 7002 [b] [3]). If the person is being held illegally, he is to be released immediately. (CPLR 7010 [a].) If the person has been "admitted to bail but the amount fixed is so excessive as to constitute an abuse of discretion" (CPLR 7010 [b]), and the habeas court does not discharge him, the habeas court "shall direct a final judgment reducing bail to a proper amount." (*Id.*) If the person has been denied bail, and the habeas court does not discharge him, "the court shall direct a final judgment admitting him to bail forthwith, if he is entitled to be admitted to bail as a matter of right," or if it appears that "the denial of bail constituted an abuse of discretion." (*Id.*) If the habeas court sets bail, it "must fix the amount of bail," and set forth the next time and place the detained person is to appear, and order the person's release on bail. (*Id.*) If the habeas court does not discharge the detained person or admit him to bail, the detainee is to be remanded "to the detention from which he was taken." (CPLR 7010 [c].)

The scope of review of an order denying or fixing bail by another court on a writ of habeas corpus is "quite narrow" (*People ex rel. Siegel v Sielaff*, 182 AD2d 389, 390 [1st Dept 1992]; *see also People ex rel. Hunt v Warden of Rikers Is. Correctional Facility*, 161 AD2d 475 [1st Dept 1990]). Usually, the habeas court is limited to determining whether "it appears that the constitutional or statutory standards inhibiting excessive bail or the arbitrary refusal of bail [have been] violated." (*People ex rel. Klein v Krueger*, 25 NY2d 497, 499 [1969]; *People ex rel. Siegel v Sielaff*, 182 AD2d at 390.) Here, however, the petitioner does not argue that he was "arbitrarily" refused bail of any kind, or that the amount set is, in and of itself, excessive. Rather, he argues that by setting only one form of bail, Justice Barrett violated the statutory obligation to impose bail in accordance with the terms of CPL 520.10, and, thus, that he is being held illegally.

There are no reported cases holding either that a court must set two forms of bail, or that setting one form is permissible. *People v Imran* (193 Misc 2d 746 [Crim Ct, Kings County 2002]),

cited by petitioner, provides no authority for his position. In *Imran*, the court set two forms of bail, and the question was not whether two forms were required, but instead whether the real estate bond posted by the defendant had to satisfy the double equity requirement for a secured bond as defined by CPL 500.10 (17) (b). While *Imran* does, in passing, state that "[t]he court may delimit the options [for posting bail] by specifying at least two forms of bail" (*People v Imran*, 193 Misc 2d at 747), and does cite CPL 520.10 (2) (b) as authority for that proposition, the court's statement is, as the petitioner conceded at oral argument, only dictum. Moreover, *Imran* offers no explanation or analysis in support of its assumption that CPL 520.10 (2) (b) requires that two forms of bail be set.

Section 520.10 (1) of the CPL specifies the various authorized forms of bail which a court may set: cash bail (CPL 520.10 [1] [a]), various kinds of bonds (CPL 520.10 [1] [b]-[h]), or a credit card or similar device (CPL 520.10 [1] [i]). Section 520.10 (2) of the CPL then states that "[t]he methods of fixing bail are as follows:" and sets forth two methods of fixing bail. The first is set forth in paragraph (a), which states that "[a] court may designate the amount of the bail without designating the form or forms in which it may be posted. In such case, the bail may be posted in either of the forms specified in paragraphs (g) and (h) of subdivision one."[2] The second method is set forth in paragraph (b), which provides that "[t]he court may direct that the bail be posted in any one of two or more of the forms specified in subdivision one, designated in the alternative, and may designate different amounts varying with the forms."

The defendant argues, in essence, that the opening words of section 520.10 (2)—"[t]he methods of fixing bail are as follows:"—should be read to mean that the two methods set forth in the paragraphs that follow are the only two methods by which bail may be set: either bail in a particular amount, but an unspecified form; or in two or more specified forms, with the option of setting either the same or a different amount of bail for each form. However, the petitioner misreads the intent of these provisions, neither of which precludes a court from setting bail in a particular amount and specifying only one form in which that bail may be posted.

As Justice Barrett noted in his opinion denying the petitioner a second form of bail, both paragraphs of section 520.10 (2) are

---

**2.** The form specified in paragraph (g) is an unsecured surety bond. The form specified in paragraph (h) is an unsecured appearance bond.

written permissively. Paragraph (a) states that a court *may* set an amount of bail without specifying a form, in which case the defendant may post either an unsecured surety bond or an unsecured appearance bond; and paragraph (b) states that a court *may* specify two or more forms of bail, and if the court chooses to do so, the court *may* set different amounts for each form. Elsewhere in title P (of which section 520.10 [2] is a part), the Legislature made clear, when providing options to a court for securing a defendant's appearance at a criminal action or proceeding, that it intended to limit the court to the options specified in the statute. Thus, in CPL 510.10, the Legislature explicitly provided that

> "[w]hen a principal, whose future court attendance at a criminal action or proceeding is or may be required, initially comes under the control of a court, such court *must*, by a securing order, either release him on his own recognizance, fix bail or commit him to the custody of the sheriff." (Emphasis added.)

The Legislature could easily have made such an intent clear in section 520.10 (2), by similarly providing that "when fixing bail, a court *must* do so" either in the manner specified in paragraph (a), or in the manner specified in paragraph (b). Alternatively, and following more closely the language the Legislature did use, it could have manifested that intent by providing that "[t]he [only] methods of fixing bail [permitted] are" those in the two paragraphs that follow. Instead, the Legislature did neither. To the contrary, as Justice Barrett also noted, reading these provisions to permit, rather than to require, two forms of bail is supported by the language of CPL 520.10 (2) (a), which states that "[a] court may designate the amount of the bail without designating *the form* or forms in which it may be posted" (emphasis added), language which clearly contemplates, and equally clearly does not prohibit, a court from setting bail in a designated amount and in only one specified form.

The legislative history of section 520.10 cited by Justice Barrett further buttresses this reading of the statute. In 1972, the Legislature amended CPL 520.10 (2) (a), which "[a]s originally enacted[,] . . . provided that, where the court failed to specify the form of bail, the defendant was limited to selecting from among the most onerous provisions (*i.e.*, paragraphs [a] through [d] of subd. 1)" but after the amendment, permitted the defendant instead to post bail in "the least onerous form." (Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book

11A, CPL 520.10, at 46 [1995 ed].) The legislative memorandum offered in support of the amendment explicitly stated that the amendment "does not interfere with the court's discretion to fix bail in any amount and under any *form* it chooses." (Mem in Support, Bill Jacket, L 1972, ch 784, at 4 [emphasis added]), thus recognizing that, both before and after the amendment, CPL 520.10 permitted a single form of bail to be set in any manner, including cash.

Rejecting the interpretation for which the defendant argues, and reading the two paragraphs of section 520.10 (2) permissively, gives both paragraphs their intended purpose. Paragraph (a) provides for the consequences that follow when a judge opts to set only one form of bail but not to specify its form, and paragraph (b) establishes the court's option to set bail in different amounts when more than one form is chosen. Given these options, there is, in fact, no compelling policy reason why the Legislature should have mandated at least two forms of bail, since such a requirement offers a defendant no real protection against excessive bail. While an excessive cash only bail might be balanced out by an appropriate alternative bail, a judge who sets excessive cash bail, if required to set bail in a second form, could—and might well—set as an alternative a secured bond in an amount that was excessive as well. Moreover, while a habeas court reviewing an excessive cash only bail could remedy it by setting bail in a reasonable alternative form, reducing the amount of the cash only bail would provide an equally effective remedy. Indeed, as Justice Barrett points out in his decision, requiring two forms of bail in every case is not only unnecessary to guard against excessive bail, but would also have the anomalous result of compelling a judge to set an alternative to a cash bail of one dollar.

For these reasons, I conclude, as Justice Barrett did, that the petitioner "has failed to provide any persuasive authority, through case law or legislative history, supporting the statutory analysis he urges upon this Court." Accordingly, the petition for a writ of habeas corpus is dismissed.