# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

996

KA 10-00362

PRESENT: SCUDDER, P.J., LINDLEY, SCONIERS, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                                    OPINION AND ORDER

SEAN SANDERS, DEFENDANT-RESPONDENT.

---

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR APPELLANT.

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Monroe County Court (Alex R. Renzi, J.), entered December 24, 2009. The order dismissed the indictment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Opinion by LINDLEY, J.: The People appeal from an order granting that part of defendant's omnibus motion seeking to dismiss the indictment on double jeopardy grounds. For the reasons that follow, we conclude that County Court properly determined that prosecution of the indictment is barred by the Double Jeopardy Clauses of the federal and state constitutions.

I

By way of background, in August 2002 defendant was charged by felony complaint with assault in the second degree (Penal Law § 120.05 [1]) in connection with an incident in which he struck a man multiple times with a golf club. Defendant thereafter waived indictment and pleaded guilty in County Court (Marks, J.) to a superior court information (SCI) charging him with assault in the second degree pursuant to section 120.05 (2), a different subdivision of the statute than was charged in the felony complaint. The case had not been presented to the grand jury. Pursuant to the plea agreement, defendant was sentenced in February 2003 to a determinate term of imprisonment of five years and to five years of postrelease supervision (PRS). He was released from prison in March 2007 and commenced his period of PRS.

On June 29, 2008, while still subject to PRS, defendant killed a man by punching him in the back of the head during a fight at a softball game. Charged with assault in the third degree and

criminally negligent homicide, defendant was convicted of both charges following a nonjury trial in County Court (Connell, J.). The People sought persistent felony offender status for defendant based on the 2003 assault conviction and a 1998 burglary conviction. Defendant opposed persistent felony offender status on grounds that his 2003 guilty plea was to a charge not contained in the felony complaint and not a lesser included offense, and that his right to be indicted by a grand jury had thus been violated (*see* NY Const, art I, § 6; CPL 195.10 [1] [a]; *see generally People v Johnson*, 187 AD2d 990). The court agreed with defendant, finding "that the defendant's conviction . . . in 2003 was jurisdictionally defective and a nullity and cannot be counted in determining that he is a persistent felony offender" (*People v Sanders*, 24 Misc 3d 1232[A], 2009 NY Slip Op 51693[U], *2). Notably, defendant never moved to vacate the 2003 judgment of conviction (*see* CPL 440.10 [1] [a]).

Shortly after defendant was sentenced on his assault and criminally negligent homicide conviction in 2009, the People presented evidence of the August 2002 assault to a grand jury and obtained the indictment at issue in this case, charging defendant with assault in the first degree based upon the same incident for which he had pleaded guilty to assault in the second degree in 2003. Defendant moved to dismiss the indictment on statutory and constitutional double jeopardy grounds. In response, the People argued that the 2003 judgment of conviction was a nullity and that the reprosecution of defendant for the same offense was therefore not barred by principles of double jeopardy. County Court agreed with defendant, concluding that, although County Court (Connell, J.) determined that the 2003 judgment of conviction could not be used to support a finding that defendant was a persistent felony offender, it remained valid for double jeopardy purposes because it had not been vacated. The court also concluded that prosecution of the indictment was barred by CPL 40.40 because it charged an offense that was joinable with the offense to which defendant had previously pleaded guilty. We conclude that the order should be affirmed.

II

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall be "twice put in jeopardy of life or limb" for the same offense. There are three separate protections afforded by the Double Jeopardy Clause. First, "[i]t protects against a second prosecution for the same offense after acquittal. [Second, i]t protects against a second prosecution for the same offense after conviction. [Third,] it protects against multiple punishments for the same offense" (*North Carolina v Pearce*, 395 US 711, 717, *overruled in part on other grounds Alabama v Smith*, 490 US 794; *see People v Biggs*, 1 NY3d 225, 228-229; *see also* Muldoon, Handling a Criminal Case in New York, § 15:158 [2011 ed.]). The United States Supreme Court has "consistently interpreted [the Double Jeopardy Clause] to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense" (*Missouri v Hunter*, 459 US 359, 365 [internal quotation marks omitted]).

The New York State Constitution also contains a Double Jeopardy Clause (*see* NY Const, art 1, § 6), which provides the same protection as its federal counterpart (*see* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 40.20).  Defendants are afforded greater protection, however, under statutory law.  While the constitutional Double Jeopardy Clauses merely prohibit separate prosecutions for the same offense, CPL 40.20 (2) provides that no person may "be separately prosecuted for two offenses based upon the same act or criminal transaction . . . ."  Even broader is the protection afforded by CPL 40.40, which prohibits separate prosecution of "joinable offenses" (*see People v Tabor*, 87 AD3d 829).

### III

There can be no dispute that assault in the first degree under Penal Law § 120.10 (1), as charged in the instant indictment, is the same offense for double jeopardy purposes as assault in the second degree under Penal Law § 120.05 (2), to which defendant pleaded guilty in 2003 (*see generally Blockburger v United States*, 284 US 299).  Indeed, the People do not contend otherwise.  The question presented is whether the 2003 conviction bars further prosecution under principles of double jeopardy, even though it was based on a jurisdictionally defective SCI.  We conclude that it does.

Although the constitutional Double Jeopardy Clauses do not bar a second prosecution where the prior judgment of conviction has been vacated upon the defendant's motion or appeal because of an error in the proceedings (*see Lockhart v Nelson*, 488 US 33, 38; *United States v Tateo*, 377 US 463, 465-467), the 2003 judgment of conviction has never been vacated.  The judgment of conviction is still on defendant's criminal record and would presumably remain on his record even if he were convicted in the instant prosecution.  We do not see how there can be two separate convictions on defendant's record for the same offense without implicating the constitutional prohibition against double jeopardy.

### IV

Such a result is consistent with the general principles set forth in *Matter of Campbell v Pesce* (60 NY2d 165).  In *Campbell*, the defendant was charged by felony complaint with robbery in the first degree and criminal use of a firearm in the first degree and the prosecutor moved to reduce the charges in local court to petit larceny and criminal possession of a weapon in the fourth degree, both misdemeanors (*id.* at 167).  The defendant then pleaded guilty to petit larceny in satisfaction of the charges (*id.*).  That plea, however, violated CPL 180.50 (2) (b), which prohibits reduction of an armed felony offense to a misdemeanor unless the court determines that there was no reasonable cause to believe that the defendant committed an armed felony offense.  After the misdemeanor plea was entered and defendant had been sentenced to nine months in jail, the People moved to vacate the conviction on the ground that the plea was entered in violation of CPL 180.50 (*Campbell*, 60 NY2d at 168).  The Court of Appeals determined that the court erred in granting the motion and

reinstating the original charges, stating that, "[a]lthough acceptance of the plea was illegal, there exists no statutory authority for the court to vacate the plea and sentence at the prosecutor's request and reinstate the original charges" (*id.*).  The Court thus concluded that "the original plea and sentence must be reinstated, *and further criminal proceedings on the first felony charges are barred by double jeopardy protection*" (*id.* at 169 [emphasis added]; *see also People v Moquin*, 77 NY2d 449, 452-453, *rearg denied* 78 NY2d 952; *Matter of Kisloff v Covington*, 73 NY2d 445, 449).

Here, we conclude that, inasmuch as the court lacked authority to vacate defendant's 2003 judgment of conviction even though it was jurisdictionally defective, the People should not be permitted to prosecute defendant again for the same offense.  A second prosecution, if allowed to proceed while the original conviction has not and cannot be vacated except on defendant's motion, would accomplish the same result that was prohibited by the Court of Appeals in *Campbell* (60 NY2d at 168), where the defendant's prior conviction was also illegally entered (*see also United States v McIntosh*, 580 F3d 1222, 1224).

Finally, we reject the People's contention that the instant prosecution is authorized by CPL 40.30 (2) (a), which provides that "a person is not deemed to have been prosecuted for an offense, within the meaning of section 40.20, when . . . [s]uch prosecution occurred in a court [that] lacked jurisdiction over the defendant or the offense."  Although that provision may be relevant to whether the prosecution is barred by CPL 40.40, it is not a defense to defendant's constitutional double jeopardy claims, inasmuch as there can be no statutory exception to a constitutional prohibition.

V

Accordingly, we conclude that the order should be affirmed.

Entered:  October 7, 2011                    Patricia L. Morgan
                                             Clerk of the Court