# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1007**

**OP 14-00279**

PRESENT: CENTRA, J.P., FAHEY, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF JON E. BUDELMANN, DISTRICT
ATTORNEY OF CAYUGA COUNTY, PETITIONER,

V                                          MEMORANDUM AND ORDER

HON. THOMAS G. LEONE, COUNTY COURT JUDGE, CAYUGA
COUNTY, AND ADAM C. SMITH, RESPONDENTS.

---

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF
COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF
COUNSEL), FOR RESPONDENT HON. THOMAS G. LEONE, COUNTY COURT JUDGE,
CAYUGA COUNTY.

---

Proceeding pursuant to CPLR article 78 (initiated in the
Appellate Division of the Supreme Court in the Fourth Judicial
Department pursuant to CPLR 506 [b] [1]) to, inter alia, vacate the
guilty plea of respondent Adam C. Smith.

It is hereby ORDERED that said petition is unanimously dismissed
without costs.

Memorandum: Respondent Adam C. Smith (hereafter, defendant) was
charged with various crimes in two separate indictments. In
satisfaction of both indictments, defendant pleaded guilty in County
Court to one count each of criminal sale of a controlled substance in
the third degree (Penal Law § 220.39 [1]), conspiracy in the fourth
degree (§ 105.10 [1]), and criminal possession of marihuana in the
third degree (§ 221.20). The Hon. Thomas G. Leone (respondent)
presided over defendant's plea proceeding, and petitioner appeared on
the People's behalf. Prior to eliciting defendant's guilty plea,
respondent stated that the aggregate "agreed-upon sentence [was] no
worse than six years." While placing the terms of the plea on the
record, respondent informed defendant that the deal "worked out
between [petitioner] and your attorney" calls for "a cap of six years"
in state prison. Respondent ultimately sentenced defendant to an
aggregate determinate term of five years of imprisonment, and
defendant began serving his sentence in state prison one week later
(*see generally* § 70.30 [1]).

Thereafter, petitioner commenced the instant CPLR article 78
proceeding in this Court (*see* CPLR 506 [b] [1]). According to the
petition, petitioner's consent to defendant's plea was specifically

conditioned on the imposition of a determinate, six-year term of imprisonment. The petition alleges that, by sentencing defendant to only five years of imprisonment respondent violated CPL 220.10 (4) (a), which provides that, "where the indictment charges two or more offenses in separate counts, the defendant may, with both the permission of the court and the *consent of the people*, enter a plea of . . . [g]uilty of one or more but not all of the offenses charged . . ." (emphasis added). Petitioner therefore seeks an order from this Court compelling respondent to vacate defendant's guilty plea and to "restore the matter to its pre-plea status."

Preliminarily, we reject respondent's contention that the petition seeks relief in the nature of prohibition and therefore should be dismissed as moot. Although the petition would be moot under the circumstances presented herein if petitioner were seeking relief in the nature of prohibition (*see People v Cosme*, 80 NY2d 790, 791-792), we conclude that, given "the substance of the relief sought" (*Matter of Dziedzic v Gallivan*, 28 AD3d 1087, 1087), petitioner is seeking relief in the nature of mandamus (*see generally Matter of Henry OO. v Main*, 307 AD2d 615, 616, *lv denied* 1 NY3d 501; *Matter of Vargason v Brunetti*, 241 AD2d 941, 941).

On the merits, we dismiss the petition. The extraordinary remedy of mandamus " 'is never granted for the purpose of compelling the performance of an unlawful act' " (*Matter of Council of City of N.Y. v Bloomberg*, 6 NY3d 380, 388, quoting *Matter of People ex rel. Sherwood v State Bd. of Canvassers*, 129 NY 360, 370), and the Court of Appeals has repeatedly held that, after the entry of judgment and the commencement of sentence, courts have no statutory or inherent authority to vacate, over a defendant's objection, a plea taken in contravention of CPL 220.10 or related statutory provisions (*see People v Moquin*, 77 NY2d 449, 452-455, *rearg denied* 78 NY2d 952; *Matter of Kisloff v Covington*, 73 NY2d 445, 450-452; *Matter of Campbell v Pesce*, 60 NY2d 165, 167-169; *see also People v Antonelli*, 250 AD2d 999, 1000; *People v Donnelly*, 176 AD2d 404, 405). Indeed, absent extrinsic fraud, "[i]n no instance ha[s the Court of Appeals] recognized a court's inherent [or statutory] power to vacate a plea and sentence over defendant's objection where the error goes beyond mere clerical error apparent on the face of the record and where the proceeding has terminated by the entry of judgment" (*Campbell*, 60 NY2d at 169). Thus, mandamus does not lie here because we cannot compel respondent to exceed his statutory and inherent authority by directing him to vacate a plea taken in violation of CPL 220.10 (4) (a) after the commencement of sentence.

Furthermore, "restor[ing] the matter to its pre-plea status," as petitioner seeks, would violate defendant's constitutional protections against double jeopardy (*see Moquin*, 77 NY2d at 455; *Kisloff*, 73 NY2d at 452; *Campbell*, 60 NY2d at 169; *People v Sanders*, 89 AD3d 106, 110-111, *lv denied* 18 NY3d 861). Contrary to petitioner's contention, CPL 40.30 (3) "does not aid the analysis of the double jeopardy issue" (*Moquin*, 77 NY2d at 455). The Court of Appeals has held that a plea taken without the People's consent is not a nullity for purposes of

that provision (*see id.* at 454 n 2; *Sanders*, 89 AD3d at 108-111).

Apart from the legal infirmities of petitioner's position, we further conclude that the record does not factually support that position. Specifically, the record belies petitioner's contention that his consent to defendant's plea was conditioned on the imposition of a determinate, six-year term of imprisonment. At the plea colloquy, petitioner himself described the agreed-upon sentence as "six years at the moment, but based upon things we talked about [off-record], it could . . . move downward from that." That description is entirely consistent with respondent's recitation of an "agreed-upon sentence of no worse than six years." Moreover, petitioner never objected after respondent informed defendant that the deal "worked out between [petitioner] and your attorney" calls for "a *cap* of six years" in state prison (emphasis added). Additionally at no point prior to the imposition of sentence did petitioner purport to withdraw his consent to the plea, nor did he state, "in unmistakable terms, on the record," that his consent was conditioned on the imposition of a six-year term of imprisonment (*People v Frederick*, 45 NY2d 520, 526; *see People v Da Forno*, 53 NY2d 1006, 1007). Based on the above record facts, we are compelled to conclude that respondent did not violate CPL 220.10.

Finally, petitioner's alternative request for an order compelling respondent to "dispose of Counts II, III and IV of [the first indictment] pursuant to law" is barred by CPL 220.30 (2) and double jeopardy.

Entered:  November 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court