Matter of Orange County Legal Aid Socy., Inc. v Arteta (2025 NY Slip Op 25070)

[*1]

Matter of Orange County Legal Aid Socy., Inc. v Arteta

2025 NY Slip Op 25070

Decided on March 21, 2025

County Court, Orange County

Brown, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on March 21, 2025
County Court, Orange County

In the Matter of the application of, the 
 Orange County Legal Aid Society, Inc., Petitioner for a Writ of Habeas Corpus to inquire into the detention 
 of Hector Huerta Cazales, Petitioner,

against
Paul Arteta, Sheriff of Orange County, Respondent.

SMZ-70319-25/001

ORANGE COUNTY DISTRICT ATTORNEY
Assistant District Attorney Nicholas Mangold, Esq. 
Attorney for the People
255 Main Street
Goshen, New York 10924
LEGAL AID SOCIETY OF ORANGE COUNTY, INC.
Emma Schoenberger, Esq. and Michael Davis, Esq. 
Attorney for Respondent
P.O. Box 328
Goshen, New York 10924

Craig Stephen Brown, J.

The instant Writ was brought seeking that the petitioner, Hector Huerta Cazales ("Cazales"), be released on his own recognizance ("ROR"), alleging that he is charged with a non-qualifying offense.[FN1]
Cazales is charged with one count of Criminal Contempt in the Second Degree out of the Middletown City Court. He was arraigned by the Honorable Theresa Cayton, who set bail in the amount of $2,000 cash/$4,000 secured bond/$6,000 partially secured bond. The People contend that the charge is a "qualifying ofCfense" pursuant CPL 510.10(4)(t) and that the bail was appropriate. The parties were provided with an opportunity to make oral arguments [*2]on March 20, 2025. Appearing for the People was Assistant District Attorney Nicholas Mangold, Esq. of the Orange County District Attorney's Office. Appearing for the Petitioner were Emma Schoenberger, Esq. and Michael Davis, Esq., both of the Legal Aid Society of Orange County, Inc.
UNDERLYING FACTS
In support of their argument that petitioner is charged with a "qualifying offense" pursuant CPL 510.10(4)(t) , the People provided the Court with the following documents: A felony information and two misdemeanor complaints with a supporting deposition and a permission and authority affidavit related to a March 6, 2025 arrest; a misdemeanor complaint with a supporting deposition related to an incident from March 17, 2025; and an arrest report, misdemeanor complaint with a supporting deposition related to the instant arrest, as well as an order of protection that was issued.
The felony information, dated March 6, 2025, charges the defendant with Burglary in the Third Degree, a class D non-violent felony. Petitioner is alleged to have desecrated the altar in a Catholic church and caused a disturbance by throwing holy water on the floors and walls. He refused to leave, despite numerous requests/warnings for him to do so. Petitioner was arraigned and ROR'd, as neither the felony nor misdemeanor charges constituted a qualifying offense for bail purposes. On March 18, 2025, Petitioner was arraigned on a misdemeanor complaint for Criminal Trespass in a dwelling. It is alleged petitioner opened the door to the victim's home after he had been told several times not to come to the residence. The victim requested an order of protection, claiming "we do not want Hector at our residence because we are afraid of what he might do, sometimes the kids are home before we are and we don't think that we are safe."[FN2]

On March 18, 2025, petitioner was present in court, was advised of the issuance and contents of the order of protection, and was personally served with a copy of the order. Petitioner was arraigned and ROR'd. Shortly after being ROR'd, petitioner purportedly returned to the victim's residence, despite having been served with and advised of the order of protection prohibiting him from being within 500 feet of said residence. A member of the household, who was not the protected party specified on the order of protection, heard the petitioner knocking on the door and ringing the doorbell. She then heard "what sounded like someone trying to force [their] way into the house", so she retreated to the back of the apartment and called the police. Petitioner was arrested and charged with Criminal Contempt in the Second Degree. He was arraigned by the Honorable Theresa Cayton, who set bail in the amount of $2,000 cash/$4,000 secured bond/$6,000 partially secured bond.

LEGAL ANALYSIS
Bail may only be set on a principal who is charged with a "qualifying offense" (CPL 510.10[4]). A defendant stands charged with a qualifying offense when he is charged with "any felony" or class A misdemeanor involving harm to an identifiable person or property, where such charge arose from conduct occurring while the defendant was released on his own recognizance or released under conditions for a separate felony or class A misdemeanor involving harm to an [*3]identifiable person or property (CPL 510.10[4][t]).[FN3]
In order for this provision to apply, the prosecutor must demonstrate there is reasonable cause to believe that the defendant committed the instant crime and any underlying crime. The statute specifically states that for the purposes of subparagraph (t), the underlying crimes need not be a qualifying offense (CPL 510.10[4][t]).
At the time of the instant offense, petitioner was at liberty after being ROR'd on a felony charge of Burglary in the Third Degree. The supporting deposition provided to the Court establishes reasonable cause to believe the petitioner committed said offense. He was then arrested for Criminal Contempt in the Second Degree for violating an order of protection issued that same day. The victim had requested the order of protection after expressing that she was afraid of what he might do. The petitioner's purported actions related to the violation of the order of protection caused the occupant of the house to retreat to the back of the house and call the police. There is reasonable cause to believe petitioner committed the instant crime. Both the protected party on the face of the order of protection, as well as the occupant of the house are identifiable people. While the word "harm" is not specifically defined in CPL § 510.10(4)(t), courts have taken a broad interpretation of what constitutes harm in analyzing and applying the statute (see People v. Lee, 77 Misc 3d 794 [Cty. Ct., NY Cnty., 2022]; People v. Disimile, 71 Misc 3d 331 [Cnty. Ct., Sullivan Cnty., 2021]). This Court does find that the emotional harm and/or mental anguish suffered by the identifiable persons constitute harm under the statute. As such, the Criminal Contempt in the Second Degree charge constitutes a qualifying offense pursuant CPL 510.10(4)(t).
"It is not the function of the habeas court to examine the bail question afresh or to make a de novo determination of bail. The scope of the inquiry is whether or not the bail court abused its discretion by denying bail [or setting excessive bail] without reason or for reasons insufficient in law" (People ex rel. Kirby v. Merritt, 96 AD3d 607, 608 [1st Dept., 2012] quoting People ex rel. Rosenthal v. Wolfson, 48 NY2d 230 [1979] and citing People ex rel. Hunt v. Warden of Rikers Is. Correctional Facility, 161 AD2d 475 [1990], Iv. denied 76 NY2d 703, 559 NYS2d 982, 559 NE2d 676 [1990]). A defendant does not have a constitutional or statutory entitlement to a bail set that he can post, he "is entitled to an opportunity to make it in a reasonable amount" which is sufficient to "reasonably assure the principal's return to court" (see Stack v. Boyle, 342 US 1, 10 [1951]; CPL 510.10[1]). The amounts set herein are reasonable amounts in three separate forms.
The aforesaid constitutes the Decision and Order of the Court.
Dated: March 21, 2025
Goshen, New York
E N T E R
HON. CRAIG STEPHEN BROWN
COUNTY COURT JUDGE

Footnotes

Footnote 1:Petitioner does not assert that the bail set was excessive; he only asserts the offense itself is not a qualifying offense for which bail may be set.

Footnote 2:These charges do not constitute a domestic incident - the relationship between the parties is that the petitioner previously worked with the victim's brother.

Footnote 3:This Court has previously held that the clear and unambiguous statutory language of this section provides two separate categories: (1) all felonies and (2) class A misdemeanors with the aggravating factors involving harm to an identifiable person or property (People v. Brown, 69 Misc 3d 229, [Cnty. Ct., Orange Cnty., 2020]; see also People v. Spano, 197 AD3d 1211 [2nd Dept. 2021]).