OPINION OF THE COURT
 

 Chief Judge Wachtler.
 

 At issue in this habeas corpus proceeding is the validity of the distinction drawn in CPL 500.10 (17) between personal property and real property for the purpose of securing a bail
 
 *620
 
 bond. CPL 500.10 (17) (a) provides that nonexempt personal property may be used as security if its net value is equal to or greater than the total amount of the undertaking. CPL 500.10 (17) (b), on the other hand, requires that, for real property to be used as security, its net value must be at least twice the total amount of the undertaking.
 

 In the underlying criminal proceeding, the defendant sought to post a bail bond secured by several parcels of real property, the aggregate value of which, he acknowledged, was insufficient to satisfy the double equity requirement of CPL 500.10 (17) (b). He contended, however, that the requirement was unconstitutional. After Supreme Court rejected his arguments, he commenced this habeas corpus proceeding in the Appellate Division, Second Department, renewing his constitutional arguments and seeking a reduction in bail. The Appellate Division dismissed the proceeding, without opinion.
 

 Relator relies primarily upon
 
 People v Burton
 
 (150 Misc 2d 214), which held that the double equity requirement of CPL 500.10 (17) (b) was irrational and therefore unconstitutional. In
 
 Burton,
 
 the court first rejected the defendant’s contention that, for purposes of equal protection analysis, the distinction between personal property and real property should be subjected to strict scrutiny, concluding that the distinction implicated neither a suspect classification nor a fundamental right (150 Misc 2d, at 221-222). After tracing the history of the double equity requirement, however, the court concluded that the evils which prompted its enactment — the use of undesirable properties as security and abusive bondsmen who used the same property as security for bail several times — are no longer significant problems and that the retention of the requirement in the face of these changed circumstances was irrational
 
 (id,.,
 
 at 225-226).
 

 We conclude, however, that the double equity requirement is rationally based. The legislative history recounted by the court in
 
 People v Burton
 
 reveals that the requirement, as might be expected, was designed to ensure that the real property would provide adequate security for the obligation
 
 (id.,
 
 at 219). While the concern may have been prompted by the abuses of certain commercial bondsmen, it does not follow that the Legislature’s success in curtailing such abusive practices has negated the State’s legitimate interest in ensuring that the collateral posted for a secured bond is adequate. For these purposes, treating personal property and real property differently is rational.
 

 
 *621
 
 To a greater extent than personal property, real property is subject to title problems and other hidden defects that can affect value, but which cannot readily be ascertained without expensive and time-consuming procedures. A court, in the context of entertaining a bail application, cannot be expected to employ the careful appraisal and underwriting techniques of a commercial lender. The double equity requirement provides the court with the ability to accept real property as security without being overly concerned about such potential defects.
 

 In addition, the costs and difficulties of a foreclosure justify granting real property less than full value as collateral. Even commercial lenders rarely accept real property as collateral for its full market value, though they have the advantage of dealing with customers of their own choosing who, according to established underwriting standards, pose an acceptably low risk of default. Furthermore, up to $10,000 in value of real property owned and occupied as a principal residence may be exempt from execution
 
 (see,
 
 CPLR 5206). Where, as here, several parcels with different owners are offered as security, the combined exemptions could seriously impair the value of the property as collateral. The double equity requirement of CPL 500.10 (17) (b) helps to ensure that the real property offered as security will have sufficient nonexempt value
 
 (cf.,
 
 CPLR 5205 [exempting certain personal property from execution]; CPL 500.10 [17] [a] [precluding the use of exempt personal property as security for a bail bond]).
 

 Given just these few factors — and there are undoubtedly others — the need is evident for real property to have a value greater than the amount that it is securing. In the bail bond context, at least, the double equity requirement is a reasonable means of ensuring that the value will be adequate.
 

 We also reject relator’s argument that strict equal protection scrutiny is applicable because minorities are disproportionately affected by the bail statutes. CPL 500.10 (17) contains, on its face, no suspect classification. The only distinction drawn in the statute is between real property and personal property. Relator has made ho showing that the double equity requirement, which is applicable only to those who seek to use real property as security, has a disproportionate impact on racial or ethnic minorities or that the Legislature harbored any discriminatory intent
 
 (see, Washington v Davis,
 
 426 US 229, 242).
 

 
 *622
 
 Finally, relator’s alternative argument that his bail should be reduced must also be rejected. Supreme Court’s determination in fixing bail was "an exercise of discretion resting on a rational basis and thus beyond correction in habeas corpus”
 
 (People ex rel. Parker v Hasenauer,
 
 62 NY2d 777, 779).
 

 Accordingly, the judgment of the Appellate Division should be affirmed, without costs.
 

 Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur.
 

 Judgment affirmed, without costs.