# State of New York
# Court of Appeals

OPINION

This opinion is uncorrected and subject to revision before publication in the New York Reports.

No. 90
The People &c. ex rel. Evans D. Prieston,
on behalf of Kenel Beaubrun,
        Respondent,
    v.
Nassau County Sheriff's Department,
        Appellant.

Sarah S. Rabinowitz, for appellant.
Evans D. Prieston, for respondent.
District Attorneys Association of the State of New York, The Bronx Defenders, et al.,
amici curiae.

FEINMAN, J.:

CPL 520.30 (1) authorizes a court conducting a bail sufficiency hearing to review collateral pledged on an insurance company bail bond for the purpose of ensuring a defendant's return to court in accordance with this State's public policy. In exercising that

- 1 -

review, Supreme Court did not abuse its discretion by disapproving the bond at issue and, therefore, the Appellate Division erroneously granted the writ of habeas corpus.

In September 2017, Kenel Beaubrun was indicted on a charge of conspiracy in the second degree, based upon allegations that he participated in a scheme to possess and sell narcotics. He was later arrested, arraigned, and remanded without bail. Following a search of his home, Beaubrun was indicted a second time on additional charges, including criminal possession of a controlled substance in the first degree and other controlled substance and weapon possession charges. At his arraignment on the additional charges, Supreme Court set bail for both indictments at $500,000 insurance bond or $250,000 cash and ordered a bail sufficiency hearing in the event bail was posted.

Pursuant to CPL 520.30, the court held such a hearing to review a bail package assembled by a bail bond company in conjunction with Beaubrun's family and friends. The managing agent of the bail bond company testified that the statutory premium for the $500,000 bond was approximately $30,000 and the collateral consisted of 3 properties pledged by Beaubrun's family or friends, 4 automobiles with no liens on the titles, and 20 promissory notes from family or friends who were gainfully employed. The court disapproved the bond, concluding that the pledged collateral was "virtually nonexistent and provide[d] [Beaubrun] with no incentive to return to court."

Relator Evans D. Prieston then commenced this CPLR article 70 habeas corpus proceeding on Beaubrun's behalf in the Appellate Division. That Court sustained the writ and directed respondent Nassau County Sheriff's Department (the Sheriff) to release

Beaubrun "upon his posting of an insurance company bail bond in the aggregate sum of $500,000" (163 AD3d 512, 512 [2d Dept 2018]).  The Court held that "Supreme Court erred in disapproving the bail" because it improperly "'question[ed] the business judgment of the issuing company with regards to the amount of collateral it require[d] to secure the bond'" (id., quoting People ex rel. Savage v Horn, 56 AD3d 806, 807 [2d Dept 2008]).  We granted the Sheriff leave to appeal from the Appellate Division judgment (see 32 NY3d 905 [2018]).

In setting bail, courts "must consider the kind and degree of control or restriction that is necessary to secure [the defendant's] court attendance when required" (CPL 510.30 [2] [a]).  "A bail bond is security which seeks to assure the defendant's appearance in court in a criminal proceeding" (People v Public Serv. Mut. Ins. Co. [Robinson], 37 NY2d 606, 611 [1975]).  "The surety pledges money against the possibility that the defendant will not appear at the court-appointed time.  If the defendant 'jumps' . . . bail, the surety's security will be forfeited" (id.).

"Following the posting of a bail bond," CPL 520.30 (1) permits a court to "conduct an inquiry for the purpose of determining," among other things, "the value and sufficiency of any security offered[] and whether any feature of the undertaking contravenes public policy."  The statute also allows inquiry "into other matters appropriate to the determination, which include but are not limited to" six enumerated factors (CPL 520.30 [1]).  For instance, the court has broad discretion to examine "[t]he background, character and reputation of any person who has indemnified or agreed to indemnify an obligor upon

the bond" (CPL 520.30 [1] [d]) and the source of any property that will be used as indemnification as well as "whether any such money or property constitutes the fruits of criminal or unlawful conduct" (CPL 520.30 [1] [c]).

Where "statutory language is clear and unambiguous," we "construe it so as to give effect to the plain meaning of the words used" (Commonwealth of the N. Mariana Is. v Canadian Imperial Bank of Commerce, 21 NY3d 55, 60 [2013] [internal quotation marks and citation omitted]).  As we previously explained, CPL 520.30 (1) "empower[s] a court to examine a posted bail bond and determine whether it should be approved or rejected" (Gevorkyan v Judelson, 29 NY3d 452, 460 [2017], rearg denied 29 NY3d 1140 [2017]).

As part of that examination, we conclude that, by its broad terms, CPL 520.30 (1) permits a court to determine whether the collateral securing the insurance company bail bond is so deficient that it fails to ensure the defendant's return to court in contravention of public policy.  Section 520.30 (1) unambiguously authorizes a court to determine "whether any feature of the undertaking contravenes public policy" and further permits inquiry into "other matters appropriate to the determination."  The court therefore may examine the collateral in accordance with this "State's legitimate interest in ensuring that" such collateral "is adequate" to guarantee a defendant's return to court (People ex rel. Hardy v Sielaff, 79 NY2d 618, 620 [1992]).

The Appellate Division's total deference to the insurance company's business judgment in assessing the collateral cannot be reconciled with CPL 520.30 (1)'s broad text. An insurance company is, of course, free to exercise its business judgment in determining

the adequacy of the collateral for its own purposes.  However, section 520.30 (1) grants the court conducting the bail sufficiency hearing authority to review the pledged collateral for the separate purpose of ensuring a defendant's return to court in accordance with this State's public policy.  The insurance company's business judgment does not control that public policy determination, and no deference is required in this regard.

The insurance company's business interests do not necessarily align with the State's interest in securing a defendant's return to court.  For example, following a CPL 520.30 hearing, the insurance company "may retain a premium only when the [defendant] is released on bail" (Gevorkyan, 29 NY3d at 462).  The insurance company therefore has a financial incentive in obtaining a defendant's release on bail so that it may retain its premium.  This incentive is separate from the insurance company's interest in securing the defendant's return to court to avoid forfeiting its pledged security.  The court, on the other hand, is concerned only with the defendant's continued appearances.

Supreme Court therefore correctly interpreted the statute and did not abuse its discretion when it disapproved the insurance company bail bond package on public policy grounds, specifically that the limited collateral pledged failed to adequately ensure Beaubrun's return to court.[*]  Whatever equity existed in the three pledged houses was impaired.  One house was in foreclosure proceedings and had a second lien for an unknown amount.  A second house had only $8,000 in equity.  The owner of the third house,

---

[*] "Bail orders can be reviewed under CPLR article 70 only for an error of law" (People ex rel. McManus v Horn, 18 NY3d 660, 663 n 1 [2012]).

Beaubrun's cousin, had been arrested on charges stemming from the same alleged conspiracy leading to Beaubrun's arrest and a major drug transaction purportedly occurred at the house. While seeking assigned counsel in his own criminal case, the owner represented to the court that he had no assets, thereby suggesting that he expected to lose his house. As such, pledging that house as collateral failed to give Beaubrun an disincentive to flee. Moreover, the owner was in arrears on the mortgage at the time of the hearing, imperiling any equity that may have existed. Finally, the court did not abuse its discretion by concluding that the unspecified values of the pledged automobiles were insufficient to ensure Beaubrun's return to court or that the indemnitors' commitments were insufficiently meaningful to secure Beaubrun's continued appearance.

Accordingly, the Appellate Division judgment should be reversed, without costs, the writ denied, and the proceeding dismissed.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Judgment reversed, without costs, writ denied and proceeding dismissed. Opinion by Judge Feinman. Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Garcia and Wilson concur.

Decided November 21, 2019