OPINION OF THE COURT
David Otis Fuller, Jr., J.
This defendant was brought before the court for arraignment on a charge of criminal contempt in the second degree for violating a temporary order of protection, a class A misdemeanor under Penal Law § 215.50 (3), and disorderly conduct, *367 on Sunday, October 7, 2001 at 9:30 a.m. The misdemeanor information alleged that he had harassed his father, the person covered by the order of protection. After observing him and considering the background of the case and the pending and instant charges, the court is satisfied that there is reason to believe that the defendant is an incapacitated person and should be examined under the provisions of CPL article 730.
The question is whether the court has the power to order a psychiatric examination on an inpatient basis despite the language of CPL 530.20 (1) that when a defendant is charged with a misdemeanor, the court must order recognizance or bail.
The defendant already had a misdemeanor assault pending against him which had been adjourned to October 30, 2001. He was charged with assaulting his father and had been released on $500 bail. A temporary order of protection was issued ordering him, among other things, to refrain from assaulting or harassing his father. The expiration date was July 20, 2002. The instant violation is for violating that order of protection. The accompanying charge of disorderly conduct arose out of his alleged yelling and screaming at the arresting officers. In connection with the pending charge, he was found by a TASC case manager to be unreceptive to mental health treatment.
When he appeared before the court, he insisted on calling the FBI and resisted the statements of the court. At 38 years of age, he has been living with his mother and father. He is much taller and larger than his parents and does not appear to be amenable to their control. In fact, his parents, who were present in court, requested a psychiatric examination for him.
Under CPL 730.20 (2), the director of the committing facility is authorized to initiate a custodial examination of the defendant. An inference can be drawn that such custodial examination may also be ordered by the court. (CPL 730.20 [2], [3].) The Court of Appeals, noting the ambiguity,.has left the question open. (Matter of LaBelle, 79 NY2d 350, 360-361 [1992].) The Lawyers Cooperative Practice Guide for Village, Town and District Courts in New York (Morris, Bogle, Liotti and Dobiel [West Group 2000]) states, without citation of authority, that remanding the defendant for an in-custody psychiatric examination on a misdemeanor is the one permitted exception to CPL 530.20 (1).
This court can see no reasonable likelihood that if the defendant were released on bail or recognizance, he would cooperate in any way with a court-ordered psychiatric examination. In fact, this court has every reason to believe that he would not cooperate based on his behavior.
*368 Although there is no express statutory or case law authority excepting court-ordered psychiatric examinations from the requirement of bail in misdemeanor cases, a custodial examination should be ordered to effect the purpose of CPL article 730 when a defendant, as here, appears unlikely to cooperate.
There is the further consideration that:
"If a defendant is brought before the court for failure to obey any lawful order issued under this section [CPL 530.12 (‘Protection for victims of family offenses’)] * * * and if, after hearing, the court is satisfied by competent proof that the defendant has willfully failed to obey any such order, the court may:
“(a) revoke an order of recognizance or revoke an order of bail or order forfeiture of such bail and commit the defendant to custody” (CPL 530.12 [11] [a]).
Counsel are not present for a hearing. Rather than call on defendant’s father to testify now, the court notes that the misdemeanor information states a strong case against the defendant for violation of the order of protection, which was served by a police officer. A hearing can be conducted at the next court session, if requested.
Under these circumstances, the defendant is remanded to custody for a psychiatric examination under CPL article 730.