OPINION OF THE COURT
John T. Hecht, J.
The defendant in these two misdemeanor criminal prosecutions was examined to determine if he were fit to proceed. His cases present the issue of whether, despite the general rule that a defendant charged with a misdemeanor is subject to release on recognizance or bail, he could be held without bail pending the competency examination. This issue has not been resolved at the appellate level, and it arises frequently, particularly in the arraignment part of criminal court, where competency examinations are often ordered.
Defendant was arraigned on October 17, 2011, on trespass charges. At that time, the court issued an order of protection in favor of the property owner and released the defendant to reappear on November 17. The issue of competency apparently did not surface at arraignment. When the defendant did not appear in court on November 17, a bench warrant issued for his arrest. He was returned involuntarily on the warrant on November 22, upon a rearrest on charges that, among other things, he had violated the order of protection by returning to the premises that were the subject of the earlier case.
At his November 22 appearance, defendant was arraigned on the new matter and the warrant was vacated. His attorney requested an examination pursuant to article 730 of the Criminal Procedure Law to determine if the defendant were fit to proceed. I ordered the examination as requested and remanded the defendant during its pendency. Defense counsel raised no objection to the remand, although at a calendar call three weeks later, when the examiners requested additional time for the examination, counsel objected to continued remand on the ground that remand was not permitted in a misdemeanor case. I continued the remand, and this decision explains why remand is permitted in a misdemeanor case to assure that a defendant will appear for a competency examination.[1]
The Court of Appeals has recognized that the question presented here is the result of an “ambiguity” in the drafting of *147 CPL 170.10 (7) and 530.20 (1), on the one hand, and 730.20, on the other. (See Matter of LaBelle, 79 NY2d 350, 361 [1992]; see also Lawrence K. Marks, New York Pretrial Criminal Procedure § 4:4 [7 West’s NY Prac Series 2011] [“It is unclear whether a person who is otherwise entitled to bail or recognizance may be committed without bail pending a psychiatric examination to determine his or her fitness to proceed”].) One other lower criminal court has addressed this ambiguity and determined that a defendant charged with a misdemeanor may be remanded pending a CPL article 730 examination. As that court held, remand was necessary “to effect the purpose of CPL article 730” where there was “no reasonable likelihood that if the defendant were released on bail or recognizance, he would cooperate in any way with a court-ordered psychiatric examination” (People v Giannelli, 189 Misc 2d 366, 367-368 [Just Ct, Westchester County 2001]).
CPL 170.10 (7), as relevant here, provides that upon the arraignment of a person charged with a misdemeanor, unless there is a disposition, the court must either set bail or release the defendant. In similar fashion, CPL 530.20 provides that “the court must order recognizance or bail” if defendant is charged with a misdemeanor or lesser offense, in contrast to what it may do in the case of a felony, which is that it “may, in its discretion, order recognizance or bail” (see CPL 530.20 [1], [2]; 170.10 [7] [emphasis supplied]).
The same words, “must” and “may,” appear in CPL 730.20 but, significantly, to the opposite effect of their use in CPL 530.20. Whereas CPL 530.20 defaults to release (a court “may” release a defendant charged with a felony but “must” order recognizance or bail if the defendant is charged with a misdemeanor), CPL 730.20 defaults to confinement. Thus, a court “may direct that the defendant be confined in a hospital . . . until the examination is completed” if he has previously been released on recognizance or bail and the director of a hospital requests an in-patient examination,[2] but “must” order that such examination be conducted at the place of confinement or a *148 designated hospital if the defendant is already “in custody” at the time the examination is ordered[3] (see CPL 730.20 [2], [3] [emphasis supplied]). In either case, there is no requirement that the court “must” order recognizance or bail, but quite the opposite — the court either “may” or “must” order confinement until the examination is completed.
The defense correctly argues that CPL 730.20 does not specifically use the word “remand.” This is presumably why the Court of Appeals has acknowledged an ambiguity in the statute’s drafting. But reading CPL 730.20 to require either bail or recognizance would make meaningless the language in that section that alternately allows or requires confinement when the director of the hospital requests that the defendant be confined until the examination is completed (see CPL 730.20 [2], [3]). Surely if the statute allows confinement, i.e., remand, at the request of the hospital director, it must also allow remand when the court concludes, on its own, that confinement is necessary to assure that the examination is conducted. (See Giannelli, 189 Misc 2d at 367 [inferring that court may remand from the power to remand at the request of the hospital director].)
Further, to the extent that the defendant here was “in custody” when he was brought before the court on November 22 for arraignment on the new case and as a return on the warrant, his situation would seem to fit comfortably within subdivision (3), which applies to a defendant “in custody.” “Custody,” in a related Penal Law context, is “restraint by a public servant pursuant to an authorized arrest or an order of a court” (see Penal Law § 205.00 [2]) — which perfectly describes the situation of the defendant when he appeared in court on that date. Similarly, CPL article 140, which addresses arrests, uses the words “custody” and “in custody” to describe the status of a person who has been arrested (see CPL 140.20 [2] [a], [b]; [3]; [4]). Thus, a defendant who appears in court after an arrest, either on a new matter or on a warrant, would appear to be “in custody” within the meaning of CPL 730.20 (3) and subject to the remand that that subdivision contemplates.
*149 I recognize that there is language in subdivision (3) that might be read to suggest that the custody to which it refers is the sheriff’s custody of defendants who, after arraignment, have been committed to custody, rather than those who appear in court in police custody. Subdivision (3) states that the examination “must be conducted at the place where the defendant is being held in custody” (see CPL 730.20 [3]). A defendant brought before the court for arraignment or on a warrant is not in a “place” where such an examination can be conducted because he has not yet been committed to the sheriffs custody pursuant to CPL 510.40 (1) (c), as he will be after that court appearance. Nonetheless, I think that the statute, if not crystalline, is at least clear enough: a defendant who is before the court either for arraignment or as a return on warrant is “in custody”; therefore, his examination must occur in the place where he is held.[4]
Good reason exists to conclude that CPL article 730 provides for remand as an adjunct to the power to order a competency examination. The purpose of remand is to assure that a defendant appears for the examination. A defendant who “may be an incapacitated person” is one “who as a result of mental disease or defect [may] lack[ ] capacity to understand the proceedings against him or to assist in his own defense” (see CPL 730.10 [1]). Defendants who are the subject of these examinations often appear in arraignments as visibly agitated, disruptive or lacking in appropriate affect. Some appear not to understand the nature of the proceedings. Sometimes their deficits become apparent after a review of medical treatment forms, criminal court complaints, or criminal histories, which may include prior dismissals pursuant to CPL article 730. Sometimes defense *150 lawyers request competency examinations based on their conversations with their clients. Regardless of the manner in which the competency of these defendants comes to the attention of the court, many will not, in all likelihood, appear for a court-ordered examination. To the extent that bail must reflect the amount of control “necessary to secure [a defendant’s] court attendance” (see CPL 510.30 [2] [a] [emphasis supplied]), it would be disingenuous to set bail in a case where remand is appropriate merely to avoid the problem presented here of whether remand is permitted.
The facts in these cases persuaded me that the defendant would not appear for an examination if released on bail or recognizance. Not only was he accused of violating an order of protection by promptly returning to the premises of an earlier alleged trespass, but he did not return to court as ordered on his earlier case. Defendant’s record included prior warrants, a revocation of probation in a case in which he had been found guilty of endangering the welfare of a child, possibly an immigration proceeding, and, significantly, a prior CPL article 730 dismissal upon a finding that he was unfit. At his (second) arraignment I noted that he appeared to be disheveled and not to understand the charges or court procedures. His counsel, moreover, requested that he be examined for competency. Based on these facts, I did not think that any reasonable bail would secure defendant’s appearance for a fitness examination and that remand was therefore necessary.
Remand is also consistent with the overarching purpose of article 730. The CPL treats defendants who “may be” incapacitated differently from others and requires that their competency be determined as a prerequisite to continued prosecution. The reason is basic: “No defendant can be tried or sentenced for a crime if he or she is not mentally competent” (see Lawrence K. Marks, New York Pretrial Criminal Procedure § 6:1 [7 West’s NY Prac Series 2011]). Thus, a court “must” order a CPL article 730 examination when it has reason to believe that the defendant “may” be incapacitated (see CPL 730.30 [1]). If the defendant is ultimately found to be unfit, although the misdemeanor proceedings “must” be dismissed, the defendant “must” be committed to the custody of the Commissioner of the Office of Mental Health (see CPL 730.40 [1], [2]). These provisions demonstrate that a competency determination is a precondition of a prosecution, thus supporting a suspension of the rules that otherwise apply to other, presumably competent, defendants— *151 including rules that might benefit them, such as the right to bail, discussed here, and the right to a speedy trial (see CPL 30.30 [4] [a] [excluding from the People’s speedy-trial obligation the time needed to determine a defendant’s competency]).
Finally, a remand to assure that a CPL article 730 examination is held, even in the case of a misdemeanor, is consistent with the nonpunitive nature of commitment of someone who is, or “may be,” incapacitated. A defendant who has been found unfit will be involuntarily committed to the custody of the Commissioner of the Office of Mental Health for up to 90 days, notwithstanding that his case has been dismissed. Such mandatory confinement is different from what may normally happen in a misdemeanor case, which is that a defendant may be sentenced upon conviction to up to one year in jail (see Penal Law § 70.15); but confinement is not mandatory. Thus, the commitment of a defendant who has been found to be unfit, and one who “may be” unfit, is not intended to punish but as a corollary of the need to address whatever mental disease or incapacity may have led to his arrest. I would note that confinement pending a CPL article 730 examination, in New York City, is typically in a hospital setting.
For these reasons, courts possess the power to remand, even in a misdemeanor case, when they determine that a defendant may be an incapacitated person who will not voluntarily appear for a competency examination if he is released on recognizance or bail.

. Parenthetically, as a result of the examination defendant was found unfit to proceed.

. See CPL 730.20 (2). (“When the defendant is not in custody at the time a court issues an order of examination, because he was theretofore released on bail or on his own recognizance, the court may direct that the examination be conducted on an out-patient basis, and at such time and place as the director shall designate. If, however, the director informs the court that hospital confinement of the defendant is necessary for an effective examination, the court may direct that the defendant be confined in a hospital designated by the director until the examination is completed.”)

. See CPL 730.20 (3). (“When the defendant is in custody at the time a court issues an order of examination, the examination must be conducted at the place where the defendant is being held in custody. If, however, the director determines that hospital confinement of the defendant is necessary for an effective examination, the sheriff must deliver the defendant to a hospital designated by the director and hold him in custody therein, under sufficient guard, until the examination is completed.”)

. A contrary reading of CPL 730.20 would allow for remand only when a defendant has previously been committed to a sheriffs custody or been released — i.e., any time other than arraignment. There is no apparent reason to distinguish already-arraigned defendants from those who, at their first appearance, require a CPL article 730 examination. Although CPL 730.30 (1) does say that, with regard to both felonies and misdemeanors, the order of examination must issue “[a]t any time after a defendant is arraigned,” that subdivision also states, in the case of felonies, that the court “must” order an examination “before [the defendant] is held for the action of the grand jury” (see CPL 730.30 [1]), i.e., before the completion of the arraignment and the issuance of a securing order (see CPL 180.10 [1], [6]). Thus, the interpretation of sections 730.20 and 730.30 that best addresses the entire context of bail and competency examinations is one that allows for remand after the defendant “appears before the court” for arraignment (see CPL 1.20 [9]), and not only after the arraignment proceedings have been completed and a bail determination has been made.