[967 NE2d 671, 944 NYS2d 448]

THE PEOPLE OF THE STATE OF NEW YORK ex rel. SHAUN McMANUS, Appellant, v MARTIN F. HORN, Commissioner of the New York City Department of Corrections, et al., Respondents.

Argued February 7, 2012; decided March 22, 2012

**POINTS OF COUNSEL**

*The Bronx Defenders*, Bronx (*V. Marika Meis* of counsel), for appellant. Criminal Procedure Law § 520.10 (2) (b) requires that bail be set in "two or more forms" and, therefore, prohibits "cash-only" bail. (*People v Finnegan*, 85 NY2d 53; *Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95; *Sutherland v St. Lawrence County*, 101 App Div 299; *People v Torn*, 110 App Div 676; *People v Gillman*, 125 NY 372; *Badolato v Molinari*, 106 Misc 342; *People v Burton*, 150 Misc 2d 214; *People ex rel. Hardy v Sielaff*, 79 NY2d 618; *Bellamy v Judges in N.Y. City Crim. Ct.*, 41 AD2d 196.)

*Robert T. Johnson, District Attorney*, Bronx (*Stanley R. Kaplan* and *Joseph N. Ferdenzi* of counsel), for respondent. I. Defendant's claim of error is moot since he is no longer a pretrial detainee but has been convicted and sentenced; in the alternative, his claim has been forfeited by his guilty pleas. (*People ex rel. Douglas v Vincent*, 50 NY2d 901; *People ex rel. Kaplan v Commissioner of Correction of City of N.Y.*, 60 NY2d 648; *Matter of Kassebaum v al-Rahman*, 212 AD2d 482; *People ex rel. Griffin v Warden, Brooklyn House of Detention for Men*, 40 AD2d

859; *People ex rel. Wilson v Walsh*, 270 AD2d 885; *People ex rel. Greenstein v Sheriff of Schenectady County*, 220 AD2d 190; *People ex rel. Ferguson v Campbell*, 186 AD2d 319; *Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801; *Matter of Grand Jury Subpoenas for Locals 17, 135, 257 & 608 of United Bhd. of Carpenters & Joiners of Am., AFL-CIO*, 72 NY2d 307; *Matter of Hearst Corp. v Clyne*, 50 NY2d 707.) II. The Appellate Division, First Department, correctly upheld the habeas court's denial of the writ, properly determining that CPL 520.10 (2) (a) and (b) do not limit a judge's discretion to impose one form of bail. (*People v Esquivel*, 158 Misc 2d 720.)

*New York Civil Liberties Union Foundation*, New York City (*Taylor Pendergrass, Corey Stoughton* and *Arthur Eisenberg* of counsel), for New York Civil Liberties Union and others, amici curiae. I. The context in which CPL 520.10 (2) was adopted supports an interpretation maximizing access to pretrial release by making two forms of bail available to defendants. (*People v Litto*, 8 NY3d 692; *Cannon v University of Chicago*, 441 US 677; *Stack v Boyle*, 342 US 1.) II. The statute should be interpreted to require two forms of bail to avoid unequal adverse consequences for the indigent and minorities. (*People v Alston*, 88 NY2d 519; *Barker v Wingo*, 407 US 514; *Estelle v Williams*, 425 US 501; *Hurrell-Harring v State of New York*, 15 NY3d 8.) III. The statute must be interpreted to require two forms of bail to avoid the unconstitutional implications of a "cash-only" bail regime. (*Matter of Jacob*, 86 NY2d 651; *People ex rel. Fraser v Britt*, 289 NY 614; *People ex rel. Klein v Krueger*, 25 NY2d 497; *Matter of Restaino [State Commn. on Jud. Conduct]*, 10 NY3d 577; *Matter of Sardino v State Commn. on Jud. Conduct*, 58 NY2d 286; *Kellman v District Director, U.S. Immigration & Naturalization Serv.*, 750 F Supp 625; *People v Saffore*, 18 NY2d 101; *Tate v Short*, 401 US 395.)

## OPINION OF THE COURT

GRAFFEO, J.

In this appeal, we consider whether CPL 520.10 (2) (b) prohibits a court from designating only one form of bail.

Petitioner Shaun McManus was on parole in January 2009 when he was arrested for arson in the third degree and related offenses stemming from two separate incidents involving the same victim. McManus was alleged to have assaulted the individual and set two of his automobiles on fire. Bail was set at $5,000, cash or bond, which McManus posted. The victim was granted a temporary order of protection.

McManus subsequently violated the order of protection by verbally abusing the victim and twice threatening him with weapons (a screwdriver and what appeared to be a handgun). At his arraignment on the new charges, bail was set at $1,500 for each incident, cash or bond. Because the Division of Parole filed a violation warrant with the Department of Corrections, McManus was not released on bail after arraignment.

Based on the first two incidents between McManus and the victim, McManus was indicted for two counts of arson in the third degree, four counts of aggravated harassment in the second degree, two counts of criminal mischief in the fourth degree and one count of assault in the third degree. Supreme Court ordered that bail be set at $20,000, "CASH ONLY." A few days later, the People moved to increase the amount of cash bail to $50,000 but the court denied the application.

When the Division of Parole lifted its hold on McManus, he tried to secure a bail bond but was unable to do so because the court had designated bail as cash only. This prompted McManus to seek alteration of the bail ruling, arguing that setting one form of bail—such as cash-only bail—is prohibited under CPL 520.10 (2) (b), which he claimed requires a court to set a second permissible form of bail. Supreme Court disagreed and adhered to the $20,000 cash bail order.

McManus then commenced this CPLR article 70 proceeding for a writ of habeas corpus.[1] A different justice dismissed the petition, concluding that CPL 520.10 (2) does not preclude a judge from setting a single form of bail (26 Misc 3d 317 [Sup Ct, Bronx County 2009]). The Appellate Division affirmed for the same reason (77 AD3d 571 [1st Dept 2010]). We granted leave to appeal (16 NY3d 768 [2011]) and now reverse.

As an initial matter, it is necessary to address whether this appeal became moot after McManus entered a guilty plea to arson in the fourth degree and other offenses. As a result of the plea, the legality of his pretrial detention is technically no longer germane since that custody was terminated (*see e.g. People ex rel. Chakwin v Warden, N.Y. City Correctional Facility, Rikers Is.*, 63 NY2d 120, 125 [1984]). Nevertheless, the mootness

---

1. Bail orders can be reviewed under CPLR article 70 only for an error of law (*see e.g. People ex rel. Lazer v Warden, N.Y. County Men's House of Detention*, 79 NY2d 839, 840 [1992]; *People ex rel. Parker v Hasenauer*, 62 NY2d 777, 778-779 [1984]; *People ex rel. Rosenthal v Wolfson*, 48 NY2d 230, 232-233 [1979]; Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 510.20, at 21).

exception applies under these circumstances because the propriety of cash-only bail is an important issue that is likely to recur and which typically will evade our review (*see e.g. City of New York v Maul*, 14 NY3d 499, 507 [2010]; *Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]). We therefore decline to dismiss this appeal.[2]

Section 520.10 of the Criminal Procedure Law delineates the authorized forms of bail and the methods by which bail may be set by a court. Nine categories of bail are permitted under subdivision (1) of the statute: (1) cash; (2) an insurance company bail bond; (3) a secured surety bond; (4) a secured appearance bond; (5) a partially-secured surety bond; (6) a partially-secured appearance bond; (7) an unsecured surety bond; (8) an unsecured appearance bond; and (9) by posting bail with a credit card or similar device (*see* CPL 520.10 [1] [a]-[i]).

Subdivision (2) of the statute specifies two distinct "methods of fixing bail." The first option permits a court to "designate the amount of the bail without designating the form or forms in which it may be posted"—in such instance, the court merely declares a monetary sum. If this occurs, the accused can post either an unsecured surety bond or an unsecured appearance bond (*see* CPL 520.10 [2] [a]). The second option states that a "court may direct that the bail be posted in any one of two or more of the forms specified in subdivision one, designated in the alternative, and may designate different amounts varying with the forms" (CPL 520.10 [2] [b]).

McManus asserts that cash-only bail is illegal under CPL 520.10 (2) (b) because that statutory provision does not authorize a court to fix a single form of designated bail; he maintains that the subdivision instead requires that at least two forms of bail be ordered. In support of this claim, McManus relies on the language in subdivision (2) (b) referring to "any one of two or more of the forms" of bail enumerated in subdivision (1). The District Attorney contests that interpretation and asserts that a single form of bail is permissible because subdivision (2) (a) references a singular "form" of bail and the word "may" rather than "must" appears in paragraphs (a) and (b) of subdivision (2).

---

**2.** ■ In light of the fact that McManus no longer needs affirmative habeas corpus relief, this proceeding is converted into a declaratory judgment action (*see Matter of Blossom View Nursing Home v Novello*, 4 NY3d 581, 584 n 1, 596 [2005]).

As the District Attorney observes, the reference to a single "form" of bail arguably suggests that the Legislature intended a court to have discretion to impose only one type of bail. Moreover, the use of the word "may" in conjunction with the reference to two or more bail alternatives could be interpreted to mean that other unspecified options—including a single form of bail—are not outlawed by CPL 520.10.

█ Both parties' contentions have some degree of linguistic merit. However, in our view, defendant's proposed construction is the better reading of the statute as it comports with the overall statutory structure and the legislative purpose that prompted the enactment of section 520.10 in the Criminal Procedure Law. Inclusion of the word "may" in both subdivisions was the simplest way for the Legislature to codify the two permissible methods for fixing bail: under subdivision (2) (a), a court may order a specific amount of bail without stating any particular bail form (in which case the accused may choose either an unsecured surety bond or an unsecured appearance bond); or, under subdivision (2) (b), a court may specify the forms of bail but the defendant is entitled to at least two alternative choices. The Legislature could not have used the word "must" in either provision because that would have defeated the court's discretion to choose between the two options for fixing bail.

Providing flexible bail alternatives to pretrial detainees—who are presumptively innocent until proven guilty beyond a reasonable doubt—is consistent with the underlying purpose of article 520. The legislation was intended to reform the restrictive bail scheme that existed in the former Code of Criminal Procedure in order to improve the availability of pretrial release (*see e.g. Bellamy v Judges in N.Y. City Crim. Ct.*, 41 AD2d 196, 202 [1st Dept 1973], *affd* 32 NY2d 886 [1973]; Mem of Commn on Rev of Penal Law and Crim Code, Bill Jacket, L 1970, ch 996, at 10). Subsequent amendments further loosened those strictures (*see* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 520.10, at 51).

CPL 520.10 (2) (b) imposes no undue restriction on a court that believes a substantial personal undertaking "is necessary to secure [the defendant's] court attendance" in future proceedings (CPL 510.30 [2] [a]). Here, the bail court evidently decided that $20,000 cash bail was warranted because McManus had flouted a judicial directive by repeatedly engaging in criminal conduct toward the subject of the temporary order of protection. A judge could reasonably conclude that a person who has

already violated a judicial edict is more likely to ignore another command—such as an instruction to appear in court—and therefore impose stricter bail to encourage compliance with the court's mandates. If a court believes that $20,000 cash bail is an effective method to achieve this objective, CPL 520.10 (2) (b) allows it to be ordered along with a second type of bail that, in effect, may be virtually indistinguishable from the cash option. For instance, the judge could order as an alternative a $200,000 partially-secured appearance bond requiring a monetary deposit of 10% (*see* CPL 500.10 [18]), or a $20,000 secured appearance bond that could be satisfied with (among other things) $20,000 in cash (*see* CPL 500.10 [17] [a]). Hence, there does not appear to have been a compelling need for the Legislature to authorize a single form of bail in CPL 520.10 (2) (b).

We also reject the District Attorney's reliance on cases in which a court decides to order $1 cash bail. The District Attorney posits that there is no valid reason for an alternative type of bail in this situation. While this may be true from a practical standpoint, it fails to account for the underlying purpose of ordering $1 cash bail. A defendant who refrains from posting the $1 can receive credit for time served when there is some other reason that prevents his release from custody, such as an inability to post bail in an unrelated matter. Since $1 cash bail is ordered for the benefit of the accused, it is not surprising that no objection would be raised to the lack of an alternative form. In any event, it will take little judicial effort in such a situation to order another form of bail, which must now be done routinely to properly comply with the statute.

For these reasons, we hold that CPL 520.10 (2) (b) prohibits a court from fixing only one form of bail.

Accordingly, the order of the Appellate Division should be reversed, without costs, the proceeding converted to a declaratory judgment action and judgment granted declaring that CPL 520.10 (2) (b) prohibits the designation of one form of bail.

Chief Judge LIPPMAN and Judges CIPARICK, READ, SMITH, PIGOTT and JONES concur.

Order reversed, etc.