People ex rel. Bradley v Baxter (2022 NY Slip Op 01649)





People v Baxter


2022 NY Slip Op 01649


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, NEMOYER, AND WINSLOW, JJ.


141 OP 21-01482

[*1]THE PEOPLE OF THE STATE OF NEW YORK EX REL. JOHN BRADLEY, ON BEHALF OF WILLIE J. TOLBERT, PETITIONER,
v
TODD K. BAXTER, MONROE COUNTY SHERIFF, RESPONDENT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BENJAMIN L. NELSON OF COUNSEL), FOR PETITIONER. 


 Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 7002 [b] [2]) for a writ of habeas corpus. 
It is hereby ORDERED that said proceeding is unanimously converted to a declaratory judgment action and the action is transferred to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Petitioner commenced this original proceeding pursuant to CPLR 7002 (b) (2) seeking a writ of habeas corpus on the ground that his pretrial detention was prohibited by CPL 510.10 and 530.20. The day after filing the petition, petitioner was released from custody pursuant to CPL 530.30, rendering the petition moot (see generally People ex rel. McManus v Horn, 18 NY3d 660, 663 [2012]; People ex rel. Doyle v Fischer, 159 AD2d 208, 208 [1st Dept 1990]). Nevertheless, the exception to the mootness doctrine applies here inasmuch as the propriety of remand under CPL 530.20 "is an important issue that is likely to recur and which typically will evade our review" (McManus, 18 NY3d at 664).
In light of the fact that petitioner no longer needs, and is no longer eligible for, affirmative habeas corpus relief (see generally CPLR 7002 [a]), and upon petitioner's request, we convert this proceeding into a declaratory judgment action (see CPLR 103 [c]; cf. People ex rel. McBride v Alexander, 54 AD3d 423, 424 [2d Dept 2008]; see generally Matter of State of New York v Cuevas, 49 AD3d 1324, 1326 [4th Dept 2008]). However, such an action is not properly commenced in this Court (see CPLR 3001; Matter of Sibley v Watches, 194 AD3d 1385, 1388 [4th Dept 2021], appeal dismissed and lv denied 37 NY3d 1131 [2021]; Matter of Jefferson v Siegel, 28 AD3d 1153, 1154 [4th Dept 2006]). We therefore transfer the declaratory judgment action to Supreme Court, Monroe County, for further proceedings (see Matter of Nelson v Stander, 79 AD3d 1645, 1645-1646 [4th Dept 2010]; Donaldson v State of New York, 156 AD2d 290, 292 [1st Dept 1989], lv dismissed in part and denied in part 75 NY2d 1003 [1990]).
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court