# State of New York
# Court of Appeals

OPINION

This opinion is uncorrected and subject to revision
before publication in the New York Reports.

No. 94
The People &c. ex rel. Sara
Molinaro, on behalf of Wei Li,
     Respondent,
      v.
Warden, Rikers Island, &c.,
     Appellant.

Julian Joiris, for appellant.
Alexandra Ferlise, for respondent.

RIVERA, J.:

On this appeal we resolve an open question in this Court and hold that, in accordance

with CPL article 730, when a defendant is not in custody, a court only has the authority to

either order a competency examination on an out-patient basis or to direct that the

- 1 -

defendant be confined in a hospital pending completion of the examination upon proper medical recommendation that such confinement is necessary. The court may not remand a defendant into custody solely because an examination has been ordered.

I.

Wei Li was charged by misdemeanor complaint with several offenses, none of which were "qualifying offenses" under the bail laws (*see* CPL 510.10 [4]; 530.20 [1] [b]), meaning that Criminal Court was required to release Wei Li on his own recognizance or set particular conditions in a securing order to ensure his return to court (*see* CPL 500.10 [3-a]-[3-b]; 510.10 [3]; 530.20 [1] [a]). However, at arraignment, the court ordered a CPL article 730 competency examination and remanded Wei Li into the custody of respondent, the Warden of Rikers Island, pending completion of the examination.

Relator filed the underlying petition for writ of habeas corpus on Wei Li's behalf, requesting his release. As relevant here, relator argued that the remand order was unlawful on the grounds that Wei Li could not be held under the bail laws because he had not been charged with a bail-eligible offense under CPL 510.10, and CPL 730.20 (2) did not separately authorize the court to order defendant held in jail pending the examination. Instead, under CPL 730.20 (2), the court could only order an examination on an out-patient

basis or, upon recommendation by the appropriate medical official, by hospital confinement. Respondent opposed release.[1]

Supreme Court denied the petition, relying on *People v Suero* (67 Misc 3d 229, 236 [Sup Ct, Kings County 2020]), which held that CPL article 730 provided Criminal Court the authority to hold defendant to "ensure that a potentially incapacitated person appears at the competency examination." The Appellate Division reversed and ordered Wei Li's immediate release, holding that CPL article 730 did not authorize Criminal Court to remand Wei Li (195 AD3d 885 [2d Dept 2021]). Thereafter, the psychiatric evaluators concluded that Wei Li was unfit to stand trial and the criminal charges against him were dismissed pursuant to CPL 730.40 (2). We granted respondent leave to appeal (37 NY3d 915 [2021]).

## II.

The appeal is moot because Wei Li is no longer in custody (*see e.g. People ex rel. McManus v Horn*, 18 NY3d 660, 663 [2012]), but both parties urge us to invoke the mootness exception. We agree that the exception applies here because the question presented is significant and novel (*see Matter of LaBelle*, 79 NY2d 350, 361 [1992]), there

---

[1] Relator further asserted that the court did not make any inquiry or determination as to whether Wei Li posed a flight risk. Apart from the statutory arguments, relator also urged release because Wei Li was at high risk of contracting COVID-19 based on his age and the conditions at Rikers Island where he was being held (*see e.g. People ex rel. Stoughton v Brann*, 67 Misc 3d 629, 632-634 [Sup Ct, NY County 2020]). The New York City Department of Correction separately opposed release on that ground. These issues are not before the Court on this appeal.

is a likelihood of repetition, and the issue is likely to evade review because CPL article 730

examinations are usually conducted before the appellate process is completed (*see e.g.*

*People ex rel. McManus*, 18 NY3d at 663-664; *City of New York v Maul* 14 NY3d 499,

507 [2010]; *Mental Hygiene Legal Servs. v Ford*, 92 NY2d 500, 506 [1998]; *see generally*

*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713-714 [1980]).[2]

### III.

Turning to whether the arraignment court had discretion to remand Wei Li for the

sole purpose of conducting the competency examination, we now decide the question left

open in *Matter of LaBelle* (79 NY2d at 361) regarding the scope of the court's discretionary

authority under CPL 730.20. For the reasons discussed, we hold that the court has no

authority beyond that expressly granted by CPL article 730.

### A.

The starting point of our analysis is the statutory text because the words of the statute

are the best indicator of the legislature's intent (*see People v Galindo*, 38 NY3d 199, 203

[2022]; *Riley v County of Broome*, 95 NY2d 455, 463 [2000]; *Majewski v Broadalbin-

Perth Cent. School Dist.*, 91 NY2d 577, 583 [1998]). Where the language of the statute is

---

[2] Given that Wei Li is no longer in respondent's custody, the competency hearing has been
held, and the criminal charges against him have since been dismissed, habeas relief is no
longer available and, thus, this proceeding should be converted into a declaratory judgment
action (*see People ex rel. McManus*, 18 NY3d at 664 n 2).

unambiguous, we apply its plain meaning (*see Columbia Mem. Hosp. v Hinds*, 38 NY3d 253, 271 [2022]; *Kuzmich v 50 Murray St. Acquisition LLC*, 34 NY3d 84, 91 [2019]; *Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205, 208 [1976]).

Subdivisions (2) and (3) of CPL 730.20 provide, in relevant part:

> "When the defendant is not in custody at the time a court issues an order of examination, because [the defendant] was theretofore released on bail or on [their] own recognizance, the court may direct that the examination be conducted on an out-patient basis, and at such time and place as the director shall designate. If, however, the director informs the court that hospital confinement of the defendant is necessary for an effective examination, the court may direct that the defendant be confined in a hospital designated by the director until the examination is completed" (CPL 730.20 [2]).

> "When the defendant is in custody at the time a court issues an order of examination, the examination must be conducted at the place where the defendant is being held in custody. If, however, the director determines that hospital confinement of the defendant is necessary for an effective examination, the sheriff must deliver the defendant to a hospital designated by the director and hold [the defendant] in custody therein, under sufficient guard, until the examination is completed" (CPL 730.20 [3]).[3]

---

[3] For the purposes of CPL article 730, the term "director" is defined as:

> "(a) the director of a state hospital operated by the office of mental health or the director of a developmental center operated by the office for people with developmental disabilities, or (b) the director of a hospital operated by any local government of the state that has been certified by the commissioner as having adequate facilities to examine a defendant to determine if he is an incapacitated person, or (c)

B.

As a threshold matter, we conclude that Wei Li was not "in custody" during his arraignment for the purposes of subdivision (3) because he was not charged with a qualifying offense under the bail laws and the court was required to order his release at arraignment (*see* CPL 510.10 [3]; 530.20 [1] [a]). As its plain text makes clear, subdivision (3) mandates the location for the examination as either (1) the place where the defendant is in custody at the time the court orders the examination, or (2) at a hospital facility, as might be necessary for an effective examination. The statute's use of the phrase "in custody," like the phrase "hospital confinement," refers, as a practical matter, to where a defendant may be properly examined by psychiatric personnel. Thus, "in custody," as used in subdivision (3), does not broadly refer to custodial control over a defendant at a courthouse.

Notably, a different reading would mandate a remand or hospital confinement in every case where the court at arraignment directs a competency examination. This interpretation would, in turn, render subdivision (2) meaningless, in contravention of our established rules of construction that require we give meaning to all the words of a statute (*see Majewski*, 91 NY2d at 587; *Matter of OnBank & Trust Co.*, 90 NY2d 725, 731 [1997]; McKinney's Cons Laws of NY, Book 1, Statutes § 98 [a]) and read the statute as a whole,

the director of community mental health services" (CPL 730.10 [4]).

harmonizing all of its provisions (*see Columbia Mem. Hosp.*, 38 NY3d at 271). Our interpretation gives meaning to the entirety of CPL 730.20 and avoids undermining the legislative intent reflected in the bail laws entitling Wei Li—and all other similarly situated defendants charged with nonqualifying offenses—to release.

Respondent contends that, even if Wei Li was not in custody before and during arraignment, subdivision (2) authorized the court to order jail confinement for the purpose of a competency examination. This argument proceeds along two lines: the legislature intended "may" to be read as permissive, thus allowing the court to exercise its discretion and remand a defendant, or that the word is not mandatory here because, as illustrated by subdivision (3), when the legislature intended to limit judicial discretion it did so expressly by use of the word "must." This argument is unpersuasive.

Permissive and discretionary terms are interpreted in context (*see People v Schonfeld*, 74 NY2d 324, 328 [1989]). "[M]andatory words have been interpreted in a merely permissive sense and vice versa" and "the word 'may' in some instances imposes a positive duty, not a discretion" (McKinney's Cons Laws of NY, Book 1, Statutes § 177 [a], Comment at 344 [1971 ed]). Contrary to respondent's claim, there is no dichotomous reading of CPL 730.20 (2) and (3). Both subdivisions are mandatory directives on the exercise of the court's authority; subdivision (2) instructs the court on *how* to order a competency examination when the defendant is in the community, and subdivision (3) mandates *where* the examination shall be conducted when a defendant is already in custody. Therefore, the legislative choice of the word "may" in subdivision (2) cabins the court's power and sets forth the only options that the court is authorized to apply when it

orders a competency examination for a defendant charged with a nonqualifying offense and who is thus entitled to release. A court issuing an order for a competency examination in that case (1) may direct an examination on an outpatient basis or, (2) upon a medical recommendation of the director, the court may, but need not, order hospital confinement until completion of the examination.

## C.

The legislative history supports our interpretation of subdivision (2). Section 730.20 was adopted in 1970 and remains unchanged today. Its addition was part of the innovations included in the Criminal Procedure Law, which replaced the Code of Criminal Procedure (*see* L 1970, ch 996, § 1). The Bartlett Commission Staff Comment explains that subdivision (2) was modeled after a recommendation made by a committee of the Judicial Conference of the District of Columbia Circuit (*see* Staff Comment of Temp St Commn on Rev of Penal Law and Crim Code, 1967 Proposed NY CPL 405.20 at 461-462; *see also* Richard G. Denzer, 1971 Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 730.20 at 336). The committee had recommended limits on incarcerating defendants who had otherwise been released from custody:

> "The status of the accused who has been enlarged on bail should not be changed because of a [pretrial] mental examination being ordered for [them], and an accused who is otherwise eligible for bail should not be denied bail because a [pretrial] mental examination is ordered for [them]; if, however, the examining psychiatrists report that the accused's confinement is necessary for an effective examination the court should be empowered to commit to a mental hospital" (Judicial Conference of the District of Columbia Circuit, Report of the

Committee on Problems Connected with Mental Examination of the Accused in Criminal Cases, Before Trial, Recommendation 7 at 93 [1964]).

This history suggests that, in adopting subdivision (2), the legislature intended to replace New York's prior mandatory confinement regime (*see* Code Crim Pro § 660) with outpatient services while still allowing a court, in its discretion, to order hospital confinement if requested by the director.

The Bartlett Commission also explained that "[m]ost of the provisions in [a]rticle 730 [we]re based upon the recommendations" of a comprehensive report by a special committee of the Association of the Bar of the City of New York (Mem of Temp St Commn on Rev of Penal Law and Crim Code at 9, Bill Jacket, L 1970, ch 996). That committee noted that psychiatric hospitals in New York were overcrowded, in part, because courts were required to order 60-day examination periods for criminal defendants alleged to be incompetent, placing strain on hospitals and their staff (*see* Association of the Bar of the City of New York, Special Committee on the Study of Commitment Procedures and the Law Relating to Incompetents, Mental Illness, Due Process and the Criminal Defendant: A Second Report and Additional Recommendations at 72-73, 86-89 [1968]). According to the committee, "defendant[s] who might otherwise have been released on bail [were] denied [their] freedom," confined under restrictive conditions in a jail or hospital, and at risk of "los[ing] [their] income" or "[their] jobs" (*id.* at 89). Thus, the committee recommended that the legislature "expressly . . . authorize . . . examination[s] in appropriate cases to be conducted on an out-patient basis without mandatory incarceration or hospitalization" (*id.* [footnote omitted]). In other cases, the committee recommended that

bail could be revoked for failure to comply with a court order or that defendants who present risks to themselves or others could be held under other authority (*see id.* at 90).[4]

IV.

As relator notes, there are other measures available to ensure completion of a defendant's competency examination. For example, the court may order supervised release with non-monetary conditions (*see* CPL 510.10 [3]; 530.20 [1] [a]), revoke the defendant's release status if they fail to appear for a scheduled examination and fail to appear in court (*see* CPL 530.60 [1]), and, in appropriate cases, order a psychiatric evaluation to determine whether civil confinement is necessary (*see* Mental Hygiene Law § 9.43; *see also* CPL 500.10 [3-c] [a]-[b]). Courts retain the authority to craft orders necessary to the specific

---

[4] Respondent's reliance on lower court decisions (*see People v Bruni*, 67 Misc 3d 254 [Albany County Ct 2020]; *Suero*, 67 Misc 3d 229; *see also People v Wilboiner*, 35 Misc 3d 193 [Crim Ct, Kings County 2012]; *People v Giannelli*, 189 Misc 2d 366 [Tuckahoe Just Ct 2001]) that had interpreted CPL 730.20 as permitting a court to order remand of a defendant charged with nonqualifying offenses is misplaced. We left this question open in *Matter of LaBelle* until a proper case and parties squarely presented it (*see* 79 NY2d at 361). This is that case and we now definitively resolve that question against the reading adopted by those courts. To the extent respondent argues that the legislature could have implicitly adopted the lower courts' understanding of the statute, we note that this issue was not as well-settled as respondent claims. This Court, as the final arbiter of the law, had not decided the issue, nor had a panel of the Appellate Division. Moreover, other authorities have promoted the interpretation we now adopt or declined to follow those lower courts decisions (*see e.g.* Hon. Lawrence K. Marks et al., New York Pretrial Criminal Procedure § 4:4 at 239 [7 West's NY Prac Series 2007]; Hon. Daniel Conviser, New York's Bail Reform Law: A Bench Book for Judges at 9-10 [rev July 11, 2019], available at https://ocgov.net/oneida/sites/default/files/pdcriminal/CriminalAcademy/2019/New%20 York%27s%20Bail%20Reform%20Law%20- %20A%20Bench%20Book%20for%20Judges.pdf).

factual circumstances of each case. What the law does not permit is what occurred here: remanding a defendant otherwise entitled to release under the law, solely because the court ordered a CPL article 730 competency examination.

Accordingly, the order of the Appellate Division should be modified, without costs, by converting the proceeding to a declaratory judgment action and granting judgment in accordance with this opinion and, as so modified, affirmed.

Order modified, without costs, by converting the proceeding to a declaratory judgment action and granting judgment declaring in accordance with the opinion herein and, as so modified, affirmed.  Opinion by Judge Rivera. Acting Chief Judge Cannataro and Judges Garcia, Wilson, Singas and Troutman concur.

Decided December 15, 2022