People ex rel. Barta v Maginley-Liddie (2025 NY Slip Op 03756)

People ex rel. Barta v Maginley-Liddie

2025 NY Slip Op 03756

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2025-06995

[*1]The People of the State of New York, ex rel. Peter A. Barta, on behalf of Amneris Berrios, petitioner,
v
Lynelle Maginley-Liddie, etc., respondent.

Peter A. Barta, Forest Hills, NY, petitioner pro se.
Melinda Katz, District Attorney, Kew Gardens, NY (Allison E. Schmidt, Charles T. Pollak, Johnette Traill, and Danielle M. O'Boyle of counsel), for respondent.

DECISION & JUDGMENT
Writ of habeas corpus in the nature of an application to release Amneris Berrios upon her own recognizance or, in the alternative, to set reasonable bail upon Queens County Indictment No. 21433/2025.
ADJUDGED that the writ is dismissed as academic, without costs or disbursements.
"[T]he power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713). "This principle, which forbids courts to pass on academic, hypothetical, moot, or otherwise abstract questions, is founded both in constitutional separation-of-powers doctrine, and in methodological strictures which inhere in the decisional process of a common-law judiciary," and "ordinarily precludes courts from considering questions which, although once live, have become moot by passage of time or change in circumstances" (id. at 713-714).
Generally, a matter will be considered moot unless the rights of the parties will be directly affected by a determination of the matter and the interest of the parties is an immediate consequence of the judgment (see id. at 714). Here, the petitioner concedes that this proceeding has been rendered academic by the plea of guilty entered by the detainee on whose behalf he commenced this proceeding. Thus, the proceeding is academic (see id.; People ex rel. McManus v Horn, 18 NY3d 660, 663; People ex rel. Crow v Warden, Anna M. Kross Detention Ctr., 76 AD3d 646), and this Court may not decide it unless it is found to be within the exception to the mootness doctrine, "which permits the courts to preserve for review important and recurring issues which, by virtue of their relatively brief existence, would be rendered otherwise nonreviewable" (Matter of Hearst Corp. v Clyne, 50 NY2d at 714).
Contrary to the petitioner's contention, the exception to the mootness doctrine does not apply in this proceeding (see id. at 714-715).
Accordingly, we dismiss the writ as academic.
BRATHWAITE NELSON, J.P., FORD, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court